**Ernest L. GRIFFIN et al., Plaintiffs,**

v.

**UNITED STATES POSTAL SERVICE et al., Defendants,**

**No. 72–487–Civ–J–T.**

United States District Court,
M. D. Florida,
Jacksonville Division.

Feb. 7, 1973.

Johnson & Marshall, Jacksonville, Fla., Jack Greenberg, New York City, for plaintiffs.

John L. Briggs, U. S. Atty., Harvey E. Schlesinger, Asst. U. S. Atty., Jacksonville, Fla., for defendants.

## ORDER

TJOFLAT, District Judge.

This case is before the Court on defendants' motion for a protective order to limit discovery.[1] The complaint was filed by black employees against the United States Postal Service alleging racially discriminatory employment practices in violation of rights secured by, inter alia, recent amendments to Title VII of the Civil Rights Act of 1964.[2] Jurisdiction is based on 28 U.S.C. § 1343 (4) (1964). Defendant, a federal agency, conducted an investigation of the alleged acts of discrimination following the filing of an administrative complaint by one of the plaintiffs in this case.[3] Defendant now argues that the scope of review in this civil action is limited to a determination of whether the agency followed proper procedures during its investigation and whether there is substantial evidence in the administrative record to support the agency's findings. If defendants' contention is correct, any information not already contained in the administrative record is irrelevant and the motion for protective order should be granted.

Title VII of the Civil Rights Act of 1964 made illegal discriminatory employment practices by certain employers. The Act also established a remedial scheme under which persons aggrieved by violations of the Act are required to first file a complaint with the Equal Employment Opportunity Commission. If relief satisfactory to the complainant is not received, he is then authorized to file a suit in a federal district court where a *de novo* review is conducted independent of any action taken by the agency.[4]

Federal agencies, however, were exempt from the Civil Rights Act of 1964. Persons subjected to discriminatory employment practices by such an agency looked for relief primarily to an administrative scheme promulgated pursuant to an Executive Order.[5] That order directed the heads of most federal agencies to establish, inter alia, programs to "prohibit discrimination in employment because of race, color, re-

1. See Rule 26(c), Federal Rules of Civil Procedure.

2. Pub.L. No. 92–261, § 11 (Mar. 24, 1972), amending Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e–15 (1964).

3. Plaintiff Ernest L. Griffin initially filed an administrative third party complaint with the Postal Service pursuant to agency regulations.

See 39 C.F.R. §§ 747.1 et seq. After a lengthy investigation the Postal Service determined, with minor exceptions, that the allegations in the complaint were groundless. No further administrative appeal being available, plaintiffs instituted this suit.

4. *See* 84 Harv.L.Rev. 1252–69 (1971).

5. E.O. No. 11478, 3 C.F.R. 803 (1966–70 Compilation).

ligion, sex or national origin." [6] Pursuant to that directive most agencies, including the Postal Service, established a regulatory procedure for investigating complaints filed by aggrieved persons.[7] Because of the defense of sovereign immunity, however, decisions made within this regulatory scheme were seldom subjected to judicial review,[8] and even if the defense was avoided the scope of judicial review was generally restricted to a determination of whether the agency followed proper procedures or whether there was substantial evidence in the administrative record to support the agency's findings.[9]

Recent amendments to the Civil Rights Act of 1964,[10] however, substantially increase the rights of persons alleging discriminatory employment practices. The amendments make illegal such practices by most federal agencies (including the Postal Service) and provide that an aggrieved person may file a civil action after exhausting existing administrative remedies. The amendments specifically state that the newly authorized civil actions are to be governed by the provisions in the original act. The incorporation of these original provisions makes it clear that the legislative intent was to provide the same rights and forms of relief to persons subjected to discriminatory conduct by federal agencies as were available to persons covered by the original act.[11] It is the opinion of the Court, therefore, that the recent amendments create an independent cause of action and that the scope of review in this case is the same as for an action brought under the original Civil Rights Act. As such, this action is not

limited to a review of the administrative record. It is therefore,

Ordered:

The motion for a protective order to limit discovery to the administrative record is denied.

6. *Id.* at 804.

7. See, *e. g.,* 39 C.F.R. §§ 747.1 et seq.

8. S.Rep.No.92–415, 92d Cong., 1st Sess. 16 (1971); *see, e. g.,* Gnotta v. United States, 415 F.2d 1271 (8th Cir. 1969).

9. *See* Project, Federal Administrative Law Developments—1971, 1972 Duke L.J. 115, 238 n. 33.

10. P.L. No. 92–261, § 11 (Mar. 24, 1972).

11. This interpretation was also given in the Senate report on the amendments. "Ag-

grieved [Federal] employees or applicants will also have the full rights available in the courts as are granted to individuals in the private sector under Title VII." S.Rep.No. 92–415, 92d Cong., 1st Sess. 16 (1971). Although there were substantial changes to the proposed act discussed in this report, see *id.* at 47, the provision for the filing of a civil action, *id.* at 71, remained unchanged. *See also* Joint Explanatory Statement of Managers at the Conference on J.R. 1746, reproduced at 1972 U.S.Code Cong. & Admin. News, 1047, 1051 (April 20, 1972).