**Anna R. CATES**

v.

**Donald JOHNSON as Administrator of the Veterans Administration.**

**Civ. A. No. 73-983.**

United States District Court,
W. D. Pennsylvania.

July 18, 1974.

Shields & Washington, Pittsburgh, Pa., for plaintiff.

Henry G. Barr, Asst. U. S. Atty., for defendant.

## OPINION

GOURLEY, Senior District Judge:

This proceeding has been filed pursuant to the Equal Employment Opportunity Act of 1972, 42 U.S.C.A. § 2000e, et seq., by plaintiff, a federal employee who alleges that she was subject to sex and racial discrimination by the Veterans Administration as a result of which she did not receive appropriate job classification and remuneration. The immediate matter before the Court is defendant's Motion for Summary Judgment.

Plaintiff has obtained final administrative review of her complaint before the United States Civil Service Commission Board of Appeals and Review, in which her claim of discrimination was denied. The question thus presented by defendant's Motion for Summary Judgment is whether plaintiff is entitled to a hearing *de novo*, or whether the Court should evaluate the complete records of the Veterans Administration to determine if substantial evidence exists to support the conclusion of the agency. The Court has considered the briefs and argument of counsel and has conducted its own independent research. Based thereon, it must be concluded that there is no right to a trial *de novo*. Moreover, based on a review of the record as a whole, the Court is satisfied that there is substantial evidence to support the determination made that plaintiff was not subject to any discrimination.

The facts may be briefly stated. On October 19, 1970, plaintiff was transferred from the position of Secre-

tary, GS–5, at the VA Hospital in Pittsburgh, Pennsylvania, to the position of Personnel Clerk, GS–5. This transfer was accomplished in lieu of a reduction-in-force and necessitated waiving a two-year experience requirement for the Personnel Clerk position, which, when all job prerequisites are met, is normally a position having a GS–6 classification and thus a higher rate of pay. Based on a review of the entire record in this proceeding, the Court is satisfied that the administrative determination made is proper and that it is supported by substantial evidence. Very simply stated, plaintiff was not subjected to discrimination based on either race or sex, but rather was assigned a position enabling her to continue to work instead of causing her to lose her job.

 Although there is a divergence of opinion regarding the right to a trial *de novo*, the better view seems to be that there is no such right. A most thorough analysis of the law in this area is made in Hackley v. Johnson, 360 F.Supp. 1247 (D.C.D.C.1973), where it was held that the 1972 Act does not require a trial *de novo*. The Court there said:

"This conclusion is also supported by the rest of the Act's [42 U.S.C. 2000(e) et seq. as amended in 1972] language and by common sense. It is clear the Court was authorized to act if the administrative process was delayed. Congress wanted prompt and consistent decisions in these discrimination matters. A trial *de novo* does not accomplish this but rather works in the opposite direction for a wholly new record must be made and opportunity for reasonable discovery provided. Moreover, it is difficult, as the present cases illustrate, to differentiate between pure discrimination claims and the underlying intricacies of civil service regulations governing job qualification selection for promotion, training and the like. The Commission's growing expertise in these latter areas, emphasizes that an automatic trial *de novo* will not serve the laudable purpose of the Act." 360 F. Supp. 1252.

In view of the foregoing, it is the considered judgment of the Court that defendant's Motion for Summary Judgment should be granted.

An appropriate Order is entered.

### ORDER

And now, this 18th day of July, 1974, defendant's Motion for Summary Judgment is hereby granted. Judgment is hereby entered in favor of defendant, Donald Johnson as Administrator of the Veterans Administration, and against plaintiff, Anna R. Cates.