Harold L. SYLVESTER and Rayford V. Pryor, Jr., for themselves and all others similarly situated, Plaintiffs,

v.

U. S. POSTAL SERVICE et al., Defendants.

C.A. No. 73–H–220.

United States District Court, S. D. Texas, Houston Division.

April 23, 1975.

Gabrielle K. McDonald, McDonald & McDonald, Houston, Tex., for plaintiffs.

Edward B. McDonough, Jr., U. S. Atty., William L. Bowers, Jr., Asst. U. S. Atty., Houston, Tex., for defendants.

**1336**

## MEMORANDUM AND OPINION

CARL O. BUE, Jr., District Judge.

In this action pursuant to 42 U.S.C. § 2000e–16 and 42 U.S.C. § 1981, plaintiffs, who are presently employed by the United States Postal Service, seek redress for certain allegedly discriminatory employment practices of the Postal Service relative to its supervisory personnel. Specifically, the plaintiffs allege that they and all other present and future black employees have been discriminated against in job assignment and promotion practices, by the failure of the Postal Service to award them quality step increases and superior accomplishment awards, by the Postal Service's denial of equal opportunities for supervisory training for blacks and by the retaliation that black employees receive for filing employment discrimination charges. Defendants are the United States Postal Service, the Postmaster General and the Postmaster of the Houston, Texas, Post Office. The action is presently before the Court for consideration of the motion to dismiss and motion for summary judgment filed by the defendants. Additionally, plaintiffs have requested that the Court grant them a preliminary injunction. Plaintiffs allege that the Court has jurisdiction pursuant to 42 U.S.C. § 2000e–5, 39 U.S.C. §§ 401(1), 409 and 28 U.S.C. § 1343(4).

### WAIVER OF SOVEREIGN IMMUNITY

■ The defendants have moved to dismiss the suit alleging, inter alia, that the actions constituting the basis for this suit occurred prior to March 24, 1972, the effective date of the 1972 amendments to Title VII that waived the sovereign immunity of federal employers. Defendants argue that because

there was no waiver of sovereign immunity prior to that date and because that amendment is not to be applied retroactively, the action is barred. Without reaching the issue of whether 28 U.S.C. § 2000e–16 is to be applied retroactively, the Court finds the defendants' contention to be without merit as the actions complained of herein occurred or continued to occur after the effective date of the amendment.

In challenging the Postal Service's job assignment and promotion practices, as well as the opportunities given to black employees to attend Postal Service training centers, both Sylvester and Pryor rely upon the statistics for the 1972 calendar year. The conduct for which plaintiffs allege that they should have received quality step increases and superior accomplishment awards occurred during the period of January, 1972–June, 1972, and several of the acts that plaintiff Pryor alleges constitute harassment occurred after the effective date of the act. Although a portion of these statistics and some harassing actions may be attributable to that period of time just prior to the statute's enactment, the Court finds that there is sufficient support in the record to indicate that the policies of which the plaintiffs complain were adhered to after the enactment of 42 U.S.C. § 2000e–16. Accordingly, it cannot be said that this cause of action arose before the 1972 amendments to Title VII

### THE NECESSITY OF A TRIAL DE NOVO

■ As an alternative to dismissal, defendants move for summary judgment in their favor based upon the record of the Equal Employment Opportunity investigation conducted by the Postal Service.[1] Defendants assert that even if

---

1. Although plaintiffs argued at the time defendants' motion to dismiss was filed that they had not yet been accorded a hearing by the Civil Service Commission within the

statutory period of 180 days, see 42 U.S.C. § 2000e–16(c), the Court has since been informed that their cases have been heard by the Civil Service Commission.

the plaintiffs are entitled to maintain their action, the Court should not grant a trial de novo but should limit its consideration to a review of the administrative record that has been filed in this action.

The scope of judicial inquiry in an action pursuant to 42 U.S.C. § 2000e–16 is an unsettled question in view of the absence of any definitive legislative mandate and the relatively recent enactment of the statute. Numerous courts have held that the provisions of § 2000e–16 were intended to require only judicial review of the record made by the Civil Service Commission in acting on the complaint. *See, e. g.,* Robinson v. Warner, 370 F.Supp. 828 (D.D.C.1974); Bernardi v. Butz, 7 E.P.D. ¶ 9381 (N.D. Calif.1974); Abrams v. Johnson, 383 F. Supp. 450 (N.D.Ohio 1974); Pointer v. Sampson, 62 F.R.D. 689 (D.D.C.1974); Spencer v. Schlesinger, 374 F.Supp. 840 (D.D.C.1974); Thompson v. United States Department of Justice, 372 F. Supp. 762 (N.D.Calif.1974); Chandler v. Johnson, 7 E.P.D. ¶ 9139 (C.D.Calif. 1973); Tomlin v. United States Air Force Medical Center, 369 F.Supp. 353 (S.D.Ohio 1974); Williams v. Mumford, 6 E.P.D. ¶ 8785 (D.D.C.1973); Cates v. Johnson, 377 F.Supp. 1145 (W.D.Pa. 1974); Handy v. Gayler, 364 F.Supp. 676 (D.Md.1973); Johnson v. United States Postal Service, 364 F.Supp. 37 (N.D.Fla.1973); Hackley v. Johnson, 360 F.Supp. 1247 (D.D.C.1973). This view is supported by the remarks of two senators during debates on the 1972 amendment as well as by the logic that a trial de novo would result in unnecessary delays in enforcement that the 1972 amendments sought to eliminate. *See, e. g.,* Hackley v. Johnson, *supra.* Furthermore, it is argued that unnecessary duplication of efforts will result if plaintiffs are permitted to re-develop evidence that was presented in an adver-

sary hearing before the Civil Service Commission. *See* Abrams v. Johnson, *supra.* Other courts have held, however, that the amendment requires a full trial de novo, paralleling the remedies accorded to the employees of private persons. *See* Henderson v. Defense Contract Administration Services, 370 F.Supp. 180 (S.D.N.Y.1973); Griffin v. United States Postal Service, 385 F.Supp. 274 (M.D.Fla.1973); Jackson v. United States Postal Service, 379 F.Supp. 589 (S.D.Tex.1973).[2]

As courts and commentators have observed, the legislative history regarding the 1972 amendment to Title VII is inconclusive in determining if a federal employee is entitled to a trial de novo following the exhaustion of his administrative remedies. *See* Hackley v. Johnson, *supra*; Handy v. Gayler, *supra* at 678; Comment, Federal Employee Civil Actions Under the Equal Employment Opportunity Act of 1972: The Right to De Novo Review, 12 Hou.L.Rev. 178, 182–85 (1974); Comment, The Right of Federal Trial De Novo Under the Equal Employment Opportunity Act of 1972, 1974 Duke L.J. 474. Senator Williams, Chairman of the Senate Committee on Labor and Public Welfare, stated in support of the 1972 amendment that:

> An important adjunct to the strengthened Civil Service Commission responsibilities is the statutory provision of *a private right of action of review of the agency proceedings in the courts by Federal employees* who are not satisfied with the Agency or Commission decision. . . . The provisions adopted by the Committee will enable the Commission to grant full relief to aggrieved employees, or applicants, including back pay and immediate advancement as appropriate. Aggrieved employees or applicants will also have the *full rights of review* available in the courts. (Emphasis supplied)

---

2. This split in authorities is evident even within this district. Although two courts have held that a trial de novo is required, *see* Jackson v. United States Postal Service, *supra*; Foster v. Civil Service Comm., 74–H–174 (S.D.Tex., filed Feb. 4, 1974), contrary authority also exists. *See* Laurel v. United States, 73–B–6 (S.D.Tex.1974).

118 Cong.Rec.S. 2281 (1972) (remarks of Senator Williams). However, Senator Williams also described the purpose of the act as giving "a Federal employee . . . the same private right of action enjoyed by individuals in the private sector . . . ." 118 Cong.Rec. 2280 (1972) (remarks of Senator Williams). Furthermore, although Senator Cranston had originally stated in Congressional debates that the right of court action accorded by the amendment would parallel the right under the 1964 Act and thus would encompass only a review of the administrative record, *see* 118 Cong.Rec. at 2287 (1972) (remarks of Senator Cranston), he later supplemented these remarks after passage of the act. "As with other cases brought under Title VII of the Civil Rights Act of 1964, Federal District Court review would not be based on the agency and/or CSC record and would be a trial de novo." *See* 119 Cong.Rec. 1219 (1973) (remarks of Senator Cranston). Although the debates on the amendment do include references to the word "review", indicating limited court consideration, the Court does not find that the Congressional debates on the 1972 amendments are conclusive in establishing one way or the other the scope of district court involvement in a federal employee's cause of action.

The majority of courts holding that a trial de novo is not required by the 1972 amendments to Title VII premise their decision upon the holding of Hackley v. Johnson. In that case, the court set forth a procedure whereby the district court would examine the administrative record to determine if a preponderance of the evidence included therein demonstrates an absence of discrimination. If not, the Court would then decide if the case should be remanded to the administrative agency for further evidence, the record supplemented with evidence presented directly to the court itself, or relief granted to the plaintiff on the basis of the administrative record alone. Thus, the *Hackley* decision does not pre-

clude a trial de novo, but concludes that a federal district court has substantial discretion in determining what evidence will be presented directly to the court, rather than through the administrative record. Although the *Hackley* approach does set forth a procedure that has considerable appeal to a heavily overburdened judicial system, it is apparent that the statute in question does not authorize a federal district judge to abdicate his responsibility of hearing live testimony and judging the credibility of witnesses, nor does it authorize him to rely solely on a review of the contents of the administrative agency record. If such a review is to be the standard, the statute should so state with specificity. It does not do so.

It is well settled that the 1972 amendment was promulgated due to dissatisfaction with the progress made by the federal government in eliminating employment discrimination within its own ranks.

> Despite some progress that has been made in [the area of eliminating employment discrimination], the record is far from satisfactory. Statistical evidence shows that minorities and women continue to be excluded from large numbers of government jobs, particularly at the higher grade levels. . . . This disproportionate distribution of minorities and women through the Federal bureaucracy and their exclusion from higher level policy-making and supervisory positions indicates the government's failure to pursue its policy of equal opportunity.

House Rep. No. 92–238, 1972 U.S.Code Cong. & Admin.News, p. 2158. One reason for this failure was attributed by the House Committee to the complaint procedure administered by the Civil Service Commission.

> The system, which permits the Civil Service Commission to sit in judgment over its own practices and procedures which themselves may raise questions of systemic discrimination, creates a built-in conflict-of-interest.

*Id.* at 2159. To overcome the deficiencies of the past, the barriers of sovereign immunity that had prevented a federal employee from entering a court of law were removed. Likewise, the Civil Service Commission was given authority, not previously accorded to the EEOC, to enforce the provisions of the Act by appropriate remedies, which include reinstatement or hiring and the awarding of back wages. This Court does not find that the mere fact that the Civil Service Commission possesses enforcment powers, in and of itself, is sufficient to nullify a federal employee's newly acquired right to a full hearing before a federal district court.

■ It cannot be denied that a federal employee's remedies before the Civil Service Commission are much more far reaching than those of a private employee before the EEOC. The Civil Service Commission has powers of enforcement that Congress refused to give to the EEOC, which has only the power to effect a remedy by informal conciliation. In the original version of House Resolution 1746, Section 706(h) provided the EEOC with enforcement powers similar to those now accorded to the Civil Service Commission. Subsequent provisions of that bill specified that the EEOC's finding of fact would be conclusive if supported by substantial evidence. Review of the EEOC findings and conclusions was limited to the appropriate circuit court of appeals. *See* House Rep. No. 92–238, 1972, U.S.Code Cong. & Admin.News, p. 2145. If Congress had intended that the role of the district court be limited to essentially one of appellate review of Civil Service Commission findings in actions brought by federal employees, it would have specified the standard of review and given the aggrieved parties the right of direct appeal to the circuit court of appeals as in prior versions of House Resolution 1746 and other instances of reviewable agency decisions, such as those of the National Labor Relations Board, the Federal Trade Commission and the Federal Communications Commission.[3] However, by reference to § 2000e–5(j), Congress provided an appellate review by circuit courts for federal employees in the same manner as it did for private employees. *See* 42 U.S.C. § 2000e–16(d). To require that a district court review an agency record and thereby exercise the same appellate function as a court of appeals is a waste of judicial efforts. *See* Polcover v. Secretary of Treasury, 155 U.S.App.D.C. 338, 477 F.2d 1223, 1227 (1973). Because the statute on its face does not indicate in any way the legislative intention to deny a federal employee the same trial de novo that is accorded a private employee, this Court cannot deny a federal employee that right by innuendo.

A review of the provisions of the 1972 amendments indicates that the rights of a federal employee to a judicial determination of his claim are to parallel those of a private employee. First, § 2000e–16 provides that a federal employee "may file a civil action as provided in section 2000e–5", which section provides for the civil action accorded non-federal employees. Second, Section 2000e–16(d) provides that those provisions of Section 2000e–5 concerning procedural matters, such as venue, appointment of a special master, the types of relief available, appellate procedure, etc., will be specifically applicable to an action against a federal agency. Only those portions of § 2000e–5 concerning the EEOC are excluded and replaced with a different complaint procedure to accommodate the Civil Service Commission and other fed-

---

3. Although the Tenth Circuit Court of Appeals in Salone v. United States, 511 F.2d 902 (10th Cir. 1975) suggests that the proper procedure to be followed in Title VII cases is one consistent with the Administrative Procedures Act, *see* 5 U.S.C. § 701 et seq., this Court does not find that the use of that Act is sanctioned by the decision in *Hackley* or by the 1972 amendments to Title VII. In this regard, the federal employee's right to a trial de novo provided by the 1972 amendments is an "adequate remedy in a court" that precludes the use of that Act. *See* 5 U.S.C. § 704.

eral agencies. *See* 42 U.S.C. § 2000e–16(d).

Additionally, limiting the role of the district court to review of the administrative record will not accomplish the recognized goal of eliminating the conflict-of-interest the Civil Service Commission has experienced in policing its own policies. As the court in *Hackley* noted, "[d]iscrimination is a subtle fact." Hackley v. Johnson, *supra* 360 F.Supp. at 1252. Accordingly, a federal employee should be free to present directly to a court whatever subtle evidence exists in support of his cause.

It cannot be denied, of course, that granting federal employees a right to a trial de novo will further add to the work of the federal district courts. Furthermore, the repetition of evidence previously presented to the Civil Service Commission will result in some duplication of judicial and agency efforts. However, this is not to say that the administrative record cannot be used at the trial by agreement of the parties. The Court can only conclude that such practical considerations in and of themselves cannot supply the Congressional intention to limit a federal employee's right of trial de novo when such intention is not clearly expressed in the statute or the legislative debates. The issue is obviously one in which there is a growing split of authority which will require resolution by an appellate court.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

Defendants additionally argue that the Court should limit the issues to be tried in this matter because the plaintiffs have not presented this action as a class action before the Civil Service Commission and have not presented certain specific issues in their complaints to the Civil Service Commission. Thus, defendants argue that the plaintiffs have not effectively exhausted their administrative remedies. Specifically, defendants allege that neither plaintiff presented to the Civil Service Commission the following issues raised by the complaint:

1. Classification of black employees in non-supervisory positions in Grade Levels 7 and below;

2. Absence of blacks in top supervisory grade levels on an equal basis as whites;

3. Assignment of black station superintendents to black communities;

4. Absence of blacks on Postmaster's Administrative Staff;

5. Assignment of blacks primarily to Mail Processing and Customer Services divisions rather than other divisions;

6. Failure to adequately notify employees of job vacancies and applications procedures.

In response, plaintiffs argue that the EEO investigations conducted by the Postal Service in response to their complaints sufficiently encompass these issues to permit their inclusion in this action under the authority of Sanchez v. Standard Brands, Inc., 431 F.2d 455 (5th Cir. 1970).

In *Sanchez,* the Fifth Circuit Court of Appeals held that "the 'scope' of the judicial complaint is limited to the 'scope' of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Id.* at 466. That case concerned an employee in the private sector rather than a federal employee. Although the Court would be limited to considering only the issues raised in a complaint before the Civil Service Commission if the plaintiffs were entitled only to a review of that administrative record, this Court is holding in this case that the rights of a federal employee parallel those of a private employee. Accordingly, the Court finds that the *Sanchez* standard of administrative exhaustion is applicable here.

From a review of the administrative records of both parties filed in this action, it appears that the issues

raised in the complaint are those that could reasonably be expected to grow out of the charge filed with the administrative agency. The EEO investigation of Rayford Pryor indicates that he was complaining of job discrimination in assignments, training, harassment, awards, promotions and evaluations. The EEO investigation of Harold Sylvester indicates that he was complaining about job assignments, training, quality step increases, awards and advancement opportunities. The allegations contained within the complaint fall well within these categories. Furthermore, from a review of these complaints, it appears that plaintiffs are themselves vitally affected by the issues that they raise and are not mere volunteers. Likewise, the Court does not find that the failure of the plaintiffs to bring this action as a class action before the Civil Service Commission precludes a class action in this case. It is well established that only one member of a class need exhaust administrative remedies prior to bringing a class action in a federal district court. *See* Oatis v. Crown Zellerbach Corp., 398 F.2d 496 (5th Cir. 1968).

## THE PROPRIETY OF A CLASS ACTION

■ The defendants contend that the plaintiffs in this action are not the proper representatives of the class alleged to be "all black persons who are employed by the Houston, Texas, Post Office." Specifically, defendants allege that the legal and factual issues raised in the administrative complaint are common only to black supervisors, as opposed to all black employees of the Postal Service. Thus, the defendants allege that the plaintiffs are mere volunteers in raising issues that are applicable to non-supervisory personnel.

Although plaintiffs allege generally in their complaint that the defendants have discriminated against them "with respect to employment, compensation, terms, conditions and privileges of employment," a complete review of the complaint indicates that the plaintiffs are challenging employment practices which relate only to those working in a supervisory capacity; specifically, plaintiffs challenge the supervisory training, supervisory awards and supervisory promotions and assignments.

However, although the scope of the complaint may relate to employment practices in the supervisory area, the Court does not find that the class of "all black employees" is an improper one. It is apparent that the Postal Service supervisors are chosen, at least in part, from those employees who have served in a non-supervisory capacity. Thus, all black employees can be viewed as potential supervisory personnel, even though they are not supervisors at the present time. Conceivably, non-supervisory blacks could be precluded from advancement to the supervisory level by virtue of several of the practices that the defendants are allegedly implementing at this time. Accordingly, the Court finds this case analogous to those permitting an employee to challenge discriminatory practices on behalf of a class that includes all present as well as future employees. *See, e. g.,* Carr v. Conoco Plastics, Inc., 295 F.Supp. 1281 (D.C.Miss. 1969). *See also* Johnson v. Georgia Highway Express, Inc., 417 F.2d 1122, 1124 (5th Cir. 1969). While the Court makes no determination at the present time as to the factual issues that must be resolved prior to a judicial determination relative to the propriety of a class action, it does appear that plaintiffs have stated a common question of law or fact relative to the class of "all black employees".

## PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

■ Plaintiffs' motion for a preliminary injunction will be denied. This case will be set for trial consistent with the other requirements of this Court's docket.