Martin VAN WINKLE, III, Plaintiff,

v.

John L. McLUCAS, Secretary, etc., et al., Defendants.

Civ. No. 4537.

United States District Court,
S. D. Ohio, W. D.

June 13, 1975.

Gerald L. Turner, Dayton, Ohio, for plaintiff.

William Milligan, U. S. Atty., and Thomas D. Thompson, Asst. U. S. Atty., Columbus, Ohio, for defendants.

## FINDING OF FACT, OPINION AND CONCLUSIONS OF LAW

CARL B. RUBIN, District Judge.

This matter comes before the Court upon cross-motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The plaintiff herein seeks review of a final decision by the Civil Service Commission sustaining his removal from the Federal service as an Auditor GS–13, Logistics Systems Division at Wright-Patterson Air Force Base. In accordance with Rule 52 of the Federal Rules of Civil Procedure, the Court does submit herewith its findings of fact, opinion and conclusions of law.

## I

## FINDINGS OF FACT

1. Plaintiff Martin Van Winkle, on November 1, 1969, was a veteran preference career employee who had had some twenty-seven years of creditable service. He had experienced an illustrious career as an auditor, recognized by numerous awards, commendations and other honors. His reputation as an auditor was held in high regard by Air Force personnel in the auditing and allied professions. Until such date, Mr. Van Winkle enjoyed an unblemished and enviable work history.[1]

2. On November 1, 1969, the plaintiff was apprehended outside the base exchange at Wright-Patterson Air Force Base with two stereo tape cartridges having a retail value of $8.10, which he had removed from such exchange without payment. At the time of apprehension, plaintiff identified himself as a retired Air Force Senior Master Sergeant residing in Madison, Georgia. Plaintiff did not identify himself as an auditor employed at the Wright-Patterson Air Force Base with a residence in Xenia, Ohio. Both his prior military service and his legal residence in Madison, Georgia, were correct statements of fact.

3. On November 6, 1969, the Base Commander for Wright-Patterson Air Force Base ordered him barred from the base, except for medical or religious services, for a period of at least twelve months. At a subsequent time, it was discovered that the plaintiff was a civilian employee of the Wright-Patterson Air Force Base and his supervisor was informed of the incident.

4. On June 16, 1970, a notice of proposed removal from service was sent to the plaintiff charging (1) theft of gov-

---

1. The foregoing has been taken from the analysis, findings and recommendations of D. E. Simones, Appeals and Grievance Examiner, dated March 31, 1972. The Court adopts such findings in the absence of any contrary evidence.

ernment property, (2) the deliberate withholding of material facts in connection with an official investigation concerning the theft of government property, and (3) the failure to comply with written instructions from the Base Commander.

5. In accordance with appropriate Air Force regulations, a hearing was held on October 2 and October 7, 1970. On December 11, 1970, the hearing examiner issued findings holding that plaintiff's rights under A.F.R. 40–771 had been violated. Such violation constituted fatal procedural error to the removal proceedings.

6. Air Force Regulation 40–771, paragraph 30(b)(6) effective March 29, 1968, provides that an examiner may reverse removal actions upon the finding of a fatal procedural error. The Regulation contemplates no further review, thus procedural rulings are final. This was well understood by the Air Force and civilian staff personnel of the 2750th AB, Wg and Headquarters Air Force Logistics Command at Wright-Patterson Air Force Base. Air Force Regulation 40–771, paragraph 29(b), provides that any person directly responsible for taking the action complained against is prohibited either directly or indirectly from making separate comments or recommendations to the deciding official. Nevertheless, arguing against both the examiner's procedural finding and his findings on the *merits of the case,* an ex parte appeal was taken to Headquarters, United States Air Force, on December 24, 1970.

7. Air Force Regulation 40–771, paragraphs 30(a)(3) and 18(b), (c) and (d), required a written decision within ten days of the examiner's report or a written explanation or request for extension furnished to the employee. The plaintiff's attorney's secretary was notified by telephone that the written decision would be delayed on December 24, 1970. The nature of the delay was not explained.

8. On March 16, 1971, Headquarters, Department of the Air Force, the Chief of Civilian Personnel Programs Division, replied to the request for review as follows:

1. The examiner was correct in ruling that the action was fatally defective and the ruling was sustained;

2. The examiner's merit recommendation could be accepted or the charge reinstated;

3. The second cause of action, causing deliberate concealment of material facts, was not valid because of the lack of duty to assist in or cooperate with an official investigation;

4. The third charge was recommended not to be reinstated on the ground that there was no connection between the plaintiff's civilian job status and his violation of the Commander's Order directed to his retired military status.

9. On March 25, 1971, Brig. Gen. T. E. Hoxie, Commander of Headquarters Air Force Logistics Command (and deciding officer in charge of the plaintiff's case), requested Maj. Gen. John L. Locke, Assistant Deputy Chief of Staff, Logistics Personnel, to again review the examiner's decision. General Locke did so and on April 19, 1971, forwarded the Van Winkle file to Maj. Gen. James S. Chaney, Judge Advocate General of the United States Air Force, for Personnel Review. On May 4, 1971, General Locke notified General Hoxie the procedural finding of the examiner was correct and not subject to review. On the same day the 2750th AB Wg was notified of this ruling and the letter of March 16, 1971, was ordered implemented. Reinstitution of the second and third charges of the original removal action was made expressly dependent upon advice from the Air Force Logistics Command.

10. On May 13, 1971, plaintiff was restored to his civilian employment status and on the same day served with proposed notice of removal, charging (1)

theft of government property; (2) falsification of material facts in connection with an official investigation; and (3) misconduct off duty.

11. Air Force Regulation 40–771 was revised, effective May 1, 1971. Paragraph 10 A.F.R. 40–771 requires the civilian personnel officer to establish a file containing all documents pertinent to the case. All documents relating to the ex parte appeal and recommendations contained in the answers thereto were requested by the plaintiff on May 21, 1971. The only documents released to the plaintiff were edited portions of the letters of December 24, 1970, March 16, 1971, and May 4, 1971. Documents tending to show violations of A.F.R. 40–771, paragraph 29(b), (effective 29 March 1968) as they related to the previous action were not included within the file or released to the plaintiff.

12. On February 1, 1972, a hearing was held before D. E. Simones, Appeal and Grievance Examiner. On March 31, 1972, Mr. Simones issued his analysis, findings and recommendations, holding that Charges 2 and 3 were not appropriate causes of action and could not be used to support the removal. Mr. Simones further found that the factual validity of Charge 1, to wit, theft of government property, was sustained. He recommended that plaintiff be restored to his employment with a disciplinary action no more severe than a reprimand.

13. Paragraph 20(b) A.F.R. 40–771 provides the deciding official must not under any circumstances accept comments or recommendations from any person directly responsible for taking the action appealed or who represented management in the hearing or gave testimony in the processing of the case. During the course of testimony in the second hearing, Col. Stanley L. Anderson, Chief, Logistics Systems Division, Air Force Audit System, and the person responsible for the removal action, admitted having engaged in conversation with Maj. Gen. L. C. Teubner, Auditor General of the Air Force, as to the disposition of

the removal action between the notice of proposed removal and the notice of decision to remove.

14. On April 14, 1972, Gen. Rafalko, Commander of the 2750th AB Wg appealed the examiner's finding to General Hoxie, Commander, Headquarters Air Force Logistics Systems. General Hoxie agreed that an error had been committed and forwarded the appeal file to Headquarters, USAF on April 20, 1972. On May 12, 1972, Headquarters, Department of the Air Force, found no procedural error with the charges and remanded the file to the hearing examiner for "clarification."

15. On June 20, 1972, the examiner clarified his opinion as follows:

"A. The findings of procedural deficiency on two of the three charges was not intended to preclude a first level decision based upon merit. Accordingly, the finding that those two charges were 'procedurally defective to a fatal degree' should not be construed to mean that the entire action was to be found fatally defective on procedural grounds.

B. The Report was intended also to show that the two defective charges were found to be without merit because they did not constitute appropriate causes of action."

16. The Examiner's "clarification" in no manner altered his previous finding that Charges 2 and 3 were "procedurally defective to a fatal degree." Nevertheless on June 30, 1972, the case file was forwarded to the Commanding Officer, 63rd AB Gp, Norton Air Force Base, California, for review and first level decision. On July 12, 1972, Col. Ralph W. Mistrot, Commander of the 63rd AB Gp, rendered a decision disagreeing with the finding of the hearing examiner as to all three counts and forwarded the file to Maj. Gen. Tuebner, Auditor General of the Air Force, for first level decision.

17. On June 14, 1972, Maj. Gen. Tuebner, Auditor General of the United States Air Force, issued a decision con-

curring with the finding and comments of the Commander, 63rd AB Gp, and disagreeing with the hearing examiner. The plaintiff was precluded from appeal to Headquarters, USAF, on the ground that the decision of May 12, 1972, had previously determined no procedural error was present.

18. The decision was submitted for review by the Chicago Region of the Civil Service Commission. Following a hearing on September 26, 1972, the Chicago Region upheld General Tuebner's decision on November 2, 1972.

19. On November 20, 1972, the plaintiff appealed to the Board of Appeal and Review of the Civil Service Commission. On March 22, 1972, the Chicago Region was affirmed by the Civil Service Commission. This action followed.

II

OPINION

The standard which the Court must apply to the case before it is set forth in *Baum v. Zuchert*, 342 F.2d 145 (6th Cir. 1965) and *Gass v. Ruegg*, 379 F.2d 216 (6th Cir. 1967), which stated:

The function of a reviewing court in cases involving the discharge of civil service employees is a limited one. *Powell v. Brannan*, 91 U.S.App.D.C. 16, 196 F.2d 871, 873. The judicial function is to determine whether there has been substantial compliance with applicable procedures and statutes, and not to review the administrative determination as to the wisdom or good judgment of the agency exercising discretion. *Hargett v. Summerfield*, 100 U.S.App.D.C. 85, 243 F.2d 29, 32, *cert. denied* 353 U.S. 970, 77 S.Ct. 1060, 1 L.Ed.2d 1137. The courts will not examine into the merits of the dismissal. *Ellis v. Mueller*, 108 U.S.App.D.C. 174, 280 F.2d 722, 5 L.Ed.2d 104; *Green v. Baughman*, 100 U.S.App.D.C. 187, 243 F.2d 610, 613, *cert. denied* 355 U.S. 819, 78 S.Ct. 25, 2 L.Ed.2d 35." 342 F.2d at 147; 379 F.2d at 218.

In the absence of convincing evidence challenging the validity of the certified administrative record, the Court will not look beyond it. *Tomlin v. U. S. Medical Center*, 369 F.Supp. 353 (S.D.Ohio 1974); *Handy v. Gayler*, 364 F.Supp. 676 (D.Md.1973); *Thompson v. Department of Justice*, 372 F.Supp. 762 (N.D.Cal.1974); *Spencer v. Schlesinger*, 374 F.Supp. 840 (D.D.C.1974); *Baca v. Butz*, 376 F.Supp. 1005 (D.C.N. Mex.1974); *Johnson v. United States Postal Service*, 364 F.Supp. 37 (N.D.Fla. 1973); *Cates v. Johnson*, 377 F.Supp. 1145 (W.D.Pa.1974).

Where it appears, however, that substantial deviations from applicable procedures and statutes have resulted from employer actions not included within the certified administrative record, the presumption of its validity is overcome.

This is such a case. The evidence submitted by the plaintiff reveals an almost wholesale disregard for the procedural and substantive rights afforded the plaintiff-employee under A. F.R. 70–771. A.F.R. 40–771 was also intended to establish within the Civilian Personnel Branch of the Air Force hearing examiners whose purpose it was to hear appeals in personnel matters independently of the management officials whose decisions they reviewed. While the merit findings and recommendations of the examiners are not binding upon the Air Force Command, there is no appeal provided under A.F.R. 40–771 from an examiner's finding of "fatal procedural defects." During the prosecution of this removal action it was not only the merit findings of the Appeals and Grievance Examiners which were totally disregarded.

The command of the Air Force has: (1) attempted an appeal where no appeal is permitted (Findings of Fact 6 and 14); (2) attempted an ex parte appeal contrary to A.F.R. 40–771, (Effective 29 March 1968), paragraph 29(b) (Findings of Fact 6 and

**738**

9); (3) sought to exercise command influence (Findings of Fact 9 and 14); (4) withheld documents in violation of A.F.R. 40–771, paragraph 10, (Effective 1 May 1971), (Finding of Fact 11); (5) accepted recommendations from Air Force management contrary to A.F.R. 40–771, paragraph 20(b), (Finding of Fact 13); and (6) Ignored the examiner's procedural findings in attempts to overrule his merit findings (Finding of Fact 16). The plaintiff has convincingly demonstrated his inability to obtain an unbiased review of the merits of his case within the hierarchy of the Air Force and civilian personnel division.

The decision of the Board of Appeals and Review of the Civil Service Commission has likewise been tainted by the deliberate withholding of evidence pertinent to procedures employed in the plaintiff's removal. It cannot be allowed to stand in the face of substantial prejudice to the plaintiff during earlier proceedings.

### III

### CONCLUSIONS OF LAW

A. The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1361.

B. The Air Force did not substantially comply with the requirements of Air Force Regulation 40–771 (Effective 29 March 1968), paragraphs 18(b)(c) and (d), 29(b), 30(a)(3) and 30(b)(6).

C. The Air Force did not substantially comply with the requirements of Air Force Regulation 40–771 (Effective 1 May 1968), paragraphs 10, 20(b), (e) and (f).

D. The plaintiff was improperly removed from his position as an Air Force Auditor and must be reinstated, together with all back pay and allowances, rights and benefits including interest at eight percent (8%) per annum on such back pay and allowances.

Let judgment issue in accordance with the foregoing.