521 F.2d 1084
 11 Fair Empl.Prac.Cas. 327,
10 Empl. Prac. Dec. P 10,381
Margot E. CARO, on behalf of herself and all other persons
similarly situated, Plaintiff-Appellant,
v.
George SCHULTZ, Secretary of the Department of the Treasury,
et al.,Defendants-Appellees.
 No. 74-1728.
 United States Court of Appeals,
Seventh Circuit.
 Argued April 10, 1975.
Decided Sept. 3, 1975.
 
 Joseph Minsky, Terry Yale Feiertag, Chicago, Ill., for plaintiff-appellant.
 Samuel K. Skinner, U. S. Atty., Gary L. Starkman and Martin B. Lowery, Asst. U. S. Atty., Chicago, Ill., Robert E. Kopp, James C. Hair, Jr., Dept. of Justice, Washington, D. C., for defendants-appellees.
 Before FAIRCHILD, Chief Judge, CUMMINGS, Circuit Judge, and BRYAN, Senior District Judge.*
 CUMMINGS, Circuit Judge.
 
 
 1
 Plaintiff is an employee of the Audit Division of the Internal Revenue Service in Chicago. In December 1972, she filed a complaint with her employer alleging sex discrimination in Chicago District Audit Division employment promotions between October 1971 and October 1972. Since the complaint was not resolved informally, an administrative hearing was held before a Civil Service Commission Equal Opportunities Complaint Examiner on July 5, 1973. After considering documentary and testimonial evidence, the Complaint Examiner initially determined that plaintiff had not been denied promotional opportunity because of her sex, and the Internal Revenue Service concurred in his recommended decision.
 
 
 2
 In September 1973, plaintiff filed suit under Section 706 of the Equal Employment Opportunity Act of 1972 (42 U.S.C. § 2000e-5) alleging individual and class claims of sex discrimination in employment in violation of Section 717 of that Act (42 U.S.C. § 2000e-16).
 
 
 3
 In the district court, defendants filed the certified administrative record of the proceedings within the Internal Revenue Service and before the Complaint Examiner, together with an answer, motion to dismiss and motion for summary judgment. While the district court was considering those matters, it barred the discovery sought by plaintiff.
 
 
 4
 In June 1974, the district court filed a memorandum opinion and order granting the Government's motion for summary judgment and dismissing plaintiff's complaint with prejudice and that of the class without prejudice. This appeal does not involve the dismissal of the class action.[1]
 
 
 5
 In the opinion below, the district judge held that in light of the administrative hearing, "no trial De novo is required." Instead, he adopted the following standard for review set forth in Hackley v. Johnson, 360 F.Supp. 1247, 1252 (D.D.C.1973), appeal docketed, No. 73-2072 (D.C.Cir. September 7, 1973):
 
 
 6
 "The District Court is required by the Act to examine the administrative record with utmost care. If it determines that an absence of discrimination is affirmatively established by the clear weight of the evidence in the record, no new trial is required. If this exacting standard is not met, the Court shall, in its discretion, as appropriate, remand, take testimony to supplement the administrative record, or grant the plaintiff relief on the administrative record."
 
 
 7
 While recognizing that some other district courts had ruled in favor of "trials De novo" in this type of case,[2] the district judge applied the Hackley approach and held that "the clear weight of all the evidence (the administrative record) before me establishes that sufficiently proper grounds existed for the denial of promotions to the plaintiff in August 1971, February 1972 and August 1972." Concluding that the proper scope of review was not employed, we reverse.
 
 
 8
 While not passing on the merits of the plaintiff's case, it is appropriate to advert to certain matters in the record that denigrate from the summary judgment granted to defendants here, since this opinion acknowledges the propriety of summary judgment in some such cases as plaintiff's. Plaintiff joined the Chicago office of the Internal Revenue Service at a salary level of GS-9 in July 1966. She reached the salary level of GS-12 in February 1970 and stayed at that level throughout the course of this litigation.
 
 
 9
 From October 1971 through October 1972, in accordance with customary procedures, her agency established three promotion rosters but did not include plaintiff in any of them, although she had been recommended for inclusion by her immediate supervisors on each occasion. The October 1971 preliminary promotion roster contained 137 eligible GS-12 revenue agents, of which seven were women. The members of the Ad hoc committee dealing with promotions chose 37 agents for the final roster, including one woman. However, only two agents were promoted to GS-13 from that roster and both were males. The ratio of men to women at the GS-12 level was 9:1.
 
 
 10
 Out of 35 persons placed on the April 1972 promotion roster, only one was a woman although 12 were eligible. Seventeen male agents were promoted to GS-13, and no woman was promoted to that category.
 
 
 11
 In October 1972, eleven women were eligible for inclusion in the GS-13 promotion roster. One woman and 29 men were selected for the roster. Fifteen male agents were promoted therefrom to GS-13 but no woman was promoted.
 
 
 12
 During the period from September 1970 to October 1972, 75 male agents were promoted but only one woman was promoted to GS-13.
 
 
 13
 In summary, during the two and one-half years in question, one female GS-13 was replaced by another, so that there was only one GS-13 female revenue agent out of 214 throughout the period. During the five promotion periods in question, only one woman was promoted out of 75 persons promoted. These statistics buttress plaintiff's claim that she had established a Prima facie case even though she was denied discovery.
 
 
 14
 In addition to the statistical evidence adduced in the administrative proceedings, there are other points making the propriety of summary judgment doubtful. In the administrative proceedings, the only substantial reason given for plaintiff's not being placed on the promotion rosters in question was her "poor attitude," but the Complaint Examiner found that "such opinions (with respect to her attitude) are not mirrored by matters contained in the agency's official or unofficial files." One of plaintiff's supervisors made comments to the Equal Employment investigator to the effect that plaintiff is a "frustrated housewife" who is "too emotional." Another's comments seemed to suggest his opinion that plaintiff's "bitchiness" could be due to menopause. Finally, the examiner acknowledged with respect to the statistical evidence that:
 
 
 15
 "Based exclusively on a review of the employment and promotional statistics pertaining to Revenue Agent positions, a strong and reasonable, although circumstantial argument can be made that the agency's assignment and utilization of female agents is both institutionally and systemically discriminatory on the basis of sex.
 
 
 16
 "Notwithstanding, the appearance of discrimination against females as a class does not, standing alone, serve as evidence supportive of complainant's individual complaint."
 
 
 17
 Such a total rejection of the evidentiary value of the statistics is questionable, especially where plaintiff's employment record failed to contain proof of her supposed poor attitude problem.
 
 
 18
 The principal question presented by this appeal is what is the nature of the proceedings in a district court under 42 U.S.C. § 2000e-5 when suit is filed by a federal employee who has already utilized the administrative machinery within his department and the Civil Service Commission ("CSC") as to a claim of discrimination. Three possibilities are suggested: (1) the district court should perform only an administrative review; (2) the proceedings in the district court should be a full trial with the court making its own determinations of the facts and law; or (3) the district court may choose between these two, or perhaps remand the case, as suggested by Hackley v. Johnson, supra.
 
 
 19
 At least since the 1974 decision in Alexander v. Gardner-Denver Co., 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147, it is clear that private employees are entitled to a full and independent district court determination of their discrimination claims pursuant to Section 706 (42 U.S.C. § 2000e-5) even after prior submission of their claims to arbitration. A private employee is also entitled to a full trial in federal court although the Equal Employment Opportunity Commission has found that there is no reasonable or probable cause to believe that the claimant is a victim of discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668; Flowers v. Local No. 6, Laborers International Union, 431 F.2d 205 (7th Cir. 1970). The Government urges that despite these decisions, an employee of the federal Government is not entitled to a full evidentiary hearing of Title VII claims if, prior to filing in the district court, the employee has exhausted his administrative remedies.
 
 
 20
 In Sperling v. United States, 515 F.2d 465 (3d Cir. 1975), this problem was examined in an exhaustive opinion by Judge Gibbons. There it was decided that a federal employee such as the present plaintiff is entitled to " De novo " proceedings in the district court.[3] We are in accord with that decision.
 
 
 21
 The controlling statutory provision is Section 717(d), which provides:"The provisions of section 706(f) through (k), as applicable, shall govern civil actions brought hereunder."
 
 
 22
 As seen, in Alexander v. Gardner-Denver Co., supra, the Supreme Court has already determined that Section 706 does provide for De novo review. As carefully explained in the Sperling opinion, the modifying words "as applicable" in Section 717(d) do not limit De novo review. 515 F.2d at 476-481.
 
 
 23
 Not only does the language of Section 717(d) provide for De novo review here, but the Senate report is consonant therewith. Thus it provides:
 
 
 24
 "Aggrieved employees or applicants will also have the full rights available in the courts as are granted to individuals in the private sector under title VII." S.Rep. 92-415, 92nd Cong., 1st Sess. 17 (1971).
 
 
 25
 Similarly, Senator Williams, one of the Act's original sponsors and its manager on the floor, stated as follows with respect to Section 717(c), which permits aggrieved federal employees to file a civil action:
 
 
 26
 "There is no reason why a Federal employee should not have the same private right of action enjoyed by individuals in the private sector, and I believe that the (Senate) committee has acted wisely in this regard." 118 Cong.Rec. 4922 (1972).
 
 
 27
 Senator Cranston, who was instrumental in securing enactment of Section 717, stated as follows:
 
 
 28
 "As with other cases brought under title VII of the Civil Rights Act of 1964, Federal district court review would not be based on the agency and/or CSC record and would be a trial de novo." 118 Cong.Rec. 4929 (1972).
 
 
 29
 The inconsistencies in the legislative history are persuasively resolved in favor of the "De novo " interpretation in Sperling, thus causing us to agree with the Third Circuit's conclusion that Congress intended "to provide an aggrieved federal employee with as full a panoply of procedural remedies in the district court as those afforded a private sector litigant." 515 F.2d at 481. This is in accord with the special regard that Congress has shown for those who suffer discrimination in employment.
 
 
 30
 For a contrary view, the Government relies on Salone v. United States, 511 F.2d 902 (10th Cir. 1975), petition for certiorari docketed June 19, 1975, 44 L.W. 3066, and Chandler v. Johnson, 515 F.2d 251 (9th Cir. 1975), petition for certiorari docketed June 19, 1975, 44 L.W. 3066. In Salone, the court cited Hackley v. Johnson, supra, and followed its approach in holding "that a de novo hearing is not here required," acknowledging that if the trial court should find need for additional facts on a particular issue, the matter could be remanded to the Civil Service Commission.[4] In Chandler, the court of appeals was careful to hold that the district court had not committed error in deciding it on the administrative record in the circumstances of that case. The Chandler court limited its decision to cases "where the administrative record affirmatively shows * * * that the challenged personnel action was based upon nondiscriminatory reasons;" where there was a fair hearing and where there is no showing of a need to add to the administrative record.[5] The court did not expressly follow Hackley. To the extent that Salone and Chandler are inconsistent with Sperling, We approve the reasoning of the Third Circuit.[6]
 
 
 31
 In the present case, the plaintiff is entitled to pursue discovery and to supply appropriate materials in opposition to the Government's motion for summary judgment. If the existence of any genuine issue of fact as to any employment discrimination then remains, the case must proceed to trial. As held in Sperling,
 
 
 32
 "If (summary judgment) is not granted, the agency record is admissible in evidence at trial when appropriate under the applicable Federal Rules of Civil Procedure and of Evidence. And, as in any other civil action, the aggrieved federal employee must prove his or her discrimination claim by a preponderance of the evidence." 515 F.2d at 484.
 
 
 33
 Without passing on the merits of her claim, it appears from the record that plaintiff may be able to oppose summary judgment successfully. In that event, she will be entitled to a full trial before the district court and an independent decision on her claims.
 
 
 34
 Reversed and remanded for further proceedings consistent herewith.
 
 
 
 *
 Senior District Judge Frederick vanPelt Bryan of the United States District Court, Southern District of New York, is sitting by designation
 
 
 [1]
 Because appellant does not raise an issue with respect to the dismissal of the class aspect of her suit, we presume that she has not appealed from the dismissal of the class action. No mention is made of it in her argument. Since this Court reverses and remands as to her personal claim and the dismissal of the class claim was without prejudice, she may seek to reallege the class claims on remand. In this posture there is no need for us to explore her right to add class action allegations to her suit after exhausting administrative remedies only as to her personal claim
 
 
 [2]
 Jackson v. United States Civil Service Commission, 379 (S.D.Tex.1973) F.Supp. 589; Thompson v. United States Department of Justice, 360 F.Supp. 255 (N.D.Calif.1973); Griffin v. United States Postal Service, 385 F.Supp. 274, (M.D.Fla.1973) were cited in the opinion. An exhaustive catalog of the decisions which have answered the "trial De novo" issue, up to the date of the opinion, can be found in Sperling v. United States, 515 F.2d 465, 474 (3d Cir. 1975), at n. 39
 
 
 [3]
 There is room for debate whether the characterization "trial De novo " is technically appropriate where the prior proceedings were administrative, rather than judicial, and the record of the administrative proceedings is admissible as evidence in the district court. Compare Bowers v. Campbell, 505 F.2d 1155 (9th Cir. 1974), with Sperling v. United States, supra; See generally, Black's Law Dictionary, at 1677 (4th ed. 1957). The cases that use the term are clear in the meaning that they assign to it, so that no confusion should be caused
 
 
 [4]
 The Tenth Circuit rested its holding in part on the Administrative Procedure Act (5 U.S.C. § 701), but the Equal Employment Opportunity Act provides that Section 706 of that Act is to govern civil actions of this nature
 
 
 [5]
 In Ellis v. Naval Air Rework Facility, 10 E.P.D. P 10,257 (N.D.Cal.1975), the district court refused to follow Chandler, apparently reasoning that the Ninth Circuit would have reached a different result if it had considered the persuasive arguments set forth in Sperling
 
 
 [6]
 Because we are choosing one of the views on which there is a conflict between circuits, this opinion was circulated, before filing, to all judges of this Court in regular active service. There has been no request for a vote on a hearing En banc on this issue