**Leyle E. CRAYTON, Appellant,**

v.

**UNITED STATES POSTAL SERVICE, Appellee.**

No. 75–1810.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 20, 1976.

Decided Aug. 10, 1976.

Rehearing Denied Sept. 8, 1976.

---

Alan I. Goodman, Cleveland, Ohio, for appellant.

Fredrick M. Coleman, U.S. Atty., Joseph A. Cipollone, Cleveland, Ohio for appellee.

Before PHILLIPS, Chief Judge, and PECK and LIVELY, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the district court granting summary judgment for the defendant. Plaintiff-appellant, a white male, has been an employee of the United States Postal Service since 1937. In 1970, he took the Initial Level Supervisory Exam and received an adjusted test score of 77.73. According to the promotional policies then in effect, installation heads could select any employee on the register for promotion, regardless of score, but had to consider employees in the order that their names appeared on the register. For any employee considered and not selected, reasons had to be recorded and retained.

In September of 1973, appellant filed an informal complaint with the Equal Employment Opportunity branch of the Postal Service, and told an EEO counselor that although he had no reason to believe he had been discriminated against because of his race or sex, he wished to know why he had not been interviewed for promotion by the Promotion Advisory Board. In December 1973, acting on information that the P.A.B. had held interviews of some persons with scores lower than his, appellant told the EEO counselor that if any of those promoted as a result of those interviews were black or female, then he had been discriminated against. He further stated that P.A.B. recommended 23 persons for promotion and of these 15 were later selected. Of the 15, five were black males, three black females and seven white males. Mr. Crayton filed a formal EEO complaint on December 31, 1973, and a field investigation was scheduled to begin on February 25, 1974.

In January 1974, appellant was notified of his selection to be interviewed by the P.A.B., but he declined this opportunity to meet with the Board. The EEO investigation resulted in a final finding that prescribed procedures had been followed and the failure to select appellant for promotion interview before January 1974 was not discriminatory. This law suit followed.

While the briefs and oral arguments of the parties raised several interesting and difficult issues on appeal,[1] this court finds that it need not reach those issues or the merits of appellant's claim since we conclude that the district court was correct in its judgment that appellant, having absented himself from the prescribed promotion procedures of the U.S. Postal Service, may not now challenge those procedures as discriminatory.

Appellant concedes that he was notified to appear for an interview and declined to do so, but he argues this was not a ground on which the district court could properly grant summary judgment. In support of his position, appellant cites *Wetzel v. Liberty Mutual Insurance Co.,* 372 F.Supp. 1146 (W.D.Pa.1974), *aff'd,* 508 F.2d 239 (3rd Cir. 1975), but we find *Wetzel* distinguishable on its facts in that it involved a long term and pervasive pattern of sex discrimination, challenged by plaintiffs who were offered

---

1. The United States Supreme Court, in its most recent session, dealt with two of the issues presented by this appeal. *See, Chandler v. Roudebush,* —— U.S. ——, 96 S.Ct. 1949, 48 L.Ed.2d 416 (1976) (*trial de novo* is in order on review of Civil Service Commission ruling in discrimination case); *McDonald v. Sante Fe Trail Transportation Co.,* —— U.S. ——, 96 S.Ct. 2574, 49 L.Ed.2d —— (1976) (white male has standing under Title VII to raise a claim of unlawful race or sex discrimination).

606

jobs, unsatisfactory to them, after initiation of their discrimination claim. We find appellant's argument in this regard to be unpersuasive.

The judgment of the district court is affirmed.