**Melrose T. JONES, Plaintiff,**

v.

**UNITED STATES POSTAL SERVICE, Defendant.**

**Civ. A. No. 6–71144.**

United States District Court, E. D. Michigan, S. D.

Feb. 28, 1978.

Ovander W. Stoner, Detroit, Mich., for plaintiff.

James K. Robinson, U. S. Atty., L. Michael Wicks, Asst. U. S. Atty., Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

KEITH, Circuit Judge, sitting by designation.

Plaintiff, a fifty-eight year old black man, brought this action alleging that he was required to perform certain job assignments which similarly situated white employees were not, and that he consequently was forced into involuntary retirement because of his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* Defendant has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Defendant's motion is granted for the reasons stated below.

Plaintiff's government service computation date extends back to 1944. Prior to his disability retirement in 1973, plaintiff was a foreman of mails, a supervisory position, with the United States Postal Service. The alleged acts of discrimination took place between July 1, 1972, and June 20, 1973. Plaintiff alleged that he was required to work the letter sorting machine on weekends whereas two white supervisory employees were not so required.

In October 1972, plaintiff was ordered to report for a fitness for duty examination because of his various claims of illness at times when he was given certain work assignments. Administrative Record at 61, 62. The fitness for duty examination was conducted on October 17, 1972, at the Mayberry Clinic. The examining physician noted that plaintiff's only complaint was a nervous disorder and that a psychiatric examination was essential. Administrative Record at 66, 67. On October 17, 1972, by letter to the Postal Service Medical Officer, Dr. Kapetansky, the Postal Service Director of Personnel, determined that the fitness for duty examination did "not give us sufficient information regarding plaintiff's duty status; as they indicate, a psychiatric examination is essential." Administrative Record at 68. The Postal Service Personnel Director further informed Dr. Kapetansky that:

As we understand it, Mr. Jones was discharged from the Service with a Psychiatric condition; has been treated for it and is presently attending Mental Health Clinics periodically at the V. A. Hospital.

At this point we think it essential that you get a psychiatric evaluation or a statement from the psychiatrist at the V. A. Hospital regarding Mr. Jones' duty status. You should inform them that this is needed to determine his workability as a Foreman of Mails in charge of 20 to 40 employees in a large work area, and organization.

Administrative Record at 68.

By letter of October 20, 1972, Dr. Capellari, the Veterans' Administration psychiatrist, notified Dr. Kapetansky as follows: "In view of his [plaintiff's] reduced tolerance to stress, it is medically advisable, if at all possible, that he be relieved of weekend duty every third week." Dr. Capellari further informed Dr. Kapetansky that plaintiff suffered from a service connected psychiatric disability which was classified as "Anxiety Reaction, chronic, moderate, competent" and that plaintiff attended the Mental Hygiene Clinic at the Veterans' Administration Hospital for psychotherapy, which treatment was supplemented by medication in the form of Librium. By letter to the Director of Postal Service Operations, Dr. Kapetansky gave the following medical advice concerning plaintiff:

After careful review of the above named employee's medical history, I advise he be placed in a limited light duty status with the following restrictions: 8 hours a day, 5 days a week, Monday through Friday.

On June 18, 1973, the Postal Service received a letter from Dr. Capellari, which noted the following:

His [plaintiff's] condition is chronically symptomatic with a reduced tolerance to stress, and it is increasingly interfering with his capacity to work.

In view of the nature and chronicity of his condition, the prognosis is uncertain and guarded. The probability is that he should be seriously considered for retirement on the basis of physical disability.

United States Postal Service First Request for Admissions, Exhibit A. Plaintiff's last pay status day with the Postal Service was June 29, 1973, and effective August 13, 1973, plaintiff was placed on disability retirement having been "found to be totally disabled for useful and efficient service." Administrative Record at 58, 56.

Plaintiff filed a formal complaint of discrimination on June 22, 1973. The Postal Service rejected the complaint as not within the purview of their regulations. The former Board of Appeals Review (now the Appeals Review Board) reversed and remanded the complaint to the Postal Service on March 15, 1974, indicating that the complaint was one alleging racial discrimination within Part 713 of the Civil Service Regulations. Investigations into plaintiff's complaint began in February, 1975. On May 1, 1975, a notice of proposed disposition finding no racial discrimination was issued. Plaintiff requested a hearing on his complaint, and said hearing took place on July 2, 1975. The hearing examiner's recommendation was a finding of no discrimination. Plaintiff appealed to the Administrative Review Board which rendered its decision on May 13, 1976, affirming the examiner's finding. Plaintiff then instituted the instant action alleging discrimination in his work assignments and disability retirement. He sought compensatory and punitive damages, reinstatement and back pay.

■ Defendant's Motion for Summary Judgment pursuant to Rule 56 seeks judgment on the grounds that based upon the Administrative Record and pretrial discovery conducted in this case, specifically plaintiff's deposition, no material issue of fact exists, and that summary judgment therefore is appropriate as a matter of law. Plaintiff, on the other hand, attempts to argue that as a former federal employee he is entitled to trial *de novo* and that summary judgment therefore is not available in this case under 42 U.S.C. § 2000e–16(c).[1] While this court fully recognizes that federal employees enjoy the same rights as private citizens to trial *de novo* in Title VII cases, *Chandler v. Roudebush*, 425 U.S. 840, 96 S.Ct. 1949, 48 L.Ed.2d 416 (1976), it cannot agree with plaintiff's theory that a federal employee's right to trial *de novo* means that summary judgment is never appropriate.

■ This court finds that no material issues of fact exist in this case and that the United States Postal Service is entitled to judgment as a matter of law. First, plaintiff sought compensatory and punitive damages which plaintiff readily concedes he is not entitled to under Title VII. Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment, at 1, 2; *Morelock v. N.C.R. Corp.*, 546 F.2d 682 (6th Cir. 1976); *Equal Employment Opportunity Commission v. Detroit Edison*, 515 F.2d 301 (6th Cir. 1975).

Second, plaintiff sought reinstatement and back pay. However, plaintiff was deposed on August 4, 1977, at which time he plainly admitted that he does not seek reinstatement:

Q [By Mr. Wicks] Mr. Jones, do you want to work now for the Postal Service?

A I do not.

Q You don't want to be reinstated?

A I do not.

1. 42 U.S.C. § 2000e–16(c) provides:

Within thirty days of receipt of notice of final action taken by a department, agency, or unit referred to in subsection (a) of this section, or by the Civil Service Commission upon an appeal from a decision or order of such department, agency, or unit on a complaint of discrimination based on race, color, religion, sex or national origin, brought pursuant to subsection (a) of this section, Executive Order 11478 or any succeeding Executive orders, or after one hundred and eighty days from the filing of the initial charge with the department, agency, or unit or with the Civil Service Commission on appeal from a decision or order of such department, agency, or unit until such time as final action may be taken by a department, agency, or unit, an employee or applicant for employment, if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action as provided in section 2000e–5 of this title, in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant.

Q  Do you feel you are physically capable of working for the Postal Service right now?

A  I'm not an expert on my condition. I know that I'm designated as one hundred percent disabled for gainful employment by the Veterans' Administration and by the Civil Service Commission and I would not attempt to assume the responsibility for determining my condition beyond the experience of these experts.

Q  Fine. I don't want you to render an expert medical opinion. I'm asking you on the basis of how you feel yourself, your own subjective impression of how you are now, whether you think you could work for the Postal Service now.

A  I do not.

Deposition of Plaintiff at 29–30.

Third, plaintiff was a supervisory employee of the Postal Service and as such was not covered by any collective bargaining agreement. Nor did any Postal regulation guarantee to plaintiff supervisor any particular tour or work assignment. The Administrative Record and plaintiff's deposition bear this out, and indeed indicate that supervisors were routinely assigned by management according to the needs of the Postal Service. Administrative Record at 39–40; Deposition at 12–14. Plaintiff's complaint was that he was required to work the letter sorting machine on weekends while two white employees were not required to rotate on that assignment with him, and plaintiff testified at his administrative hearing: "Specifically, that is the total of the discriminatory complaint." Administrative Record at 42–43. However, nowhere does plaintiff allege that the assignments given to the white employees while plaintiff was required to work the letter sorting machine were better, more desirable, or more advantageous than the letter sorting machine. Indeed, plaintiff admitted at the deposition that "[t]he letter

sorting machine was not undesirable to me." [2]  Deposition at 16. Further, this court finds that the medical information in defendant's possession as previously related herein justified defendant's action in this case which was taken for sound business reasons and was not discriminatory under the facts of this case.

Nevertheless, plaintiff argues that under *Chandler v. Roudebush, supra,* and 42 U.S.C. § 2000e–16, he is entitled to a trial *de novo* on his Title VII claim. While *Chandler v. Roudebush,* clearly establishes a federal employee's right to a trial *de novo* in Title VII cases, that case cannot be read for the proposition that trial *de novo* means that a full-blown trial must be granted even where no material issues of fact exist. In other words, plaintiff's theory that trial *de novo* means that summary judgment is never appropriate must be rejected by this court.

It is well established that Title VII grants private sector employees the right to trial *de novo* review of their Title VII claims. *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974); *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Title VII was amended in 1972 and Section 2000e–16 was added to proscribe federal employment discrimination and to establish an administrative and judicial enforcement system. *Brown v. General Services Administration,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). In *Chandler v. Roudebush,* the Supreme Court was squarely presented with the following issue: "[w]hether the 1972 Act gives federal employees the same right to trial *de novo* of employment discrimination claims as 'private sector' employees enjoy under Title VII." *Chandler v. Roudebush, supra,* 425 U.S. at 841, 96 S.Ct. at 1950. The Court determined that Section 2000e–16(c) requires plenary judicial trial *de novo* rather than merely judicial review of the administrative record in which case a finding of

2. It should be clear that plaintiff's allegation of discriminatory treatment in job assignment, which this court does not find, occurred before

his medical restriction of October, 1972 because plaintiff did not work any weekends after that date. Administrative Record at 43.

absence of discrimination clearly established by the clear weight of the administrative record would preclude trial *de novo*.[3] *Chandler v. Roudebush, supra*, at 843, 96 S.Ct. 1949.

■ Yet, it cannot be seriously argued that the Federal Rules of Civil Procedure do not apply to Title VII cases; the weight of the case law is contrary to that position.[4] *Chandler v. Roudebush* approved the decision reached in *Sperling v. United States*, 515 F.2d 465 (3rd Cir. 1975), in which summary judgment had been granted in a Title VII case. The *Sperling* decision pointed out:

> In the district court proceeding, as in any civil action, the employee has the burden of proving his allegations of agency discrimination. In this regard *the agency record will have evidentiary value. It may well establish that there is no genuine fact issue as to the absence of discrimination. In such a case summary judgment is appropriate.*

*Sperling v. United States, supra*, at 481, 482. (Emphasis added). The Court went on to note:

> We thus conclude that in the de novo proceedings in the district court, the agency record can be reviewed on a motion for summary judgment by the standard generally applicable under Rule 56, Fed.R.Civ.P.; that is the existence of any genuine issue of fact as to employment discrimination. If such a motion is not granted, the agency record is admissible in evidence at trial when appropriate under the applicable Federal Rules of Civil Procedure and of Evidence. And, as in any other civil action, the aggrieved federal employee must prove his or her dis-

crimination claim by a preponderance of the evidence.

*Id.* at 484. (Emphasis added).

Section 2000e–16(c) plainly grants federal employees the right to *de novo* determinations of their Title VII claims in the district court rather than mere judicial review of agency determinations. That issue was clearly resolved in *Chandler v. Roudebush*. The issue here is whether, in light of the right to *de novo* review, the administrative record, along with pretrial discovery and hearing in open court, may be the basis for a grant of summary judgment. An affirmative answer is clear. As the Court pointed out in *Chandler v. Roudebush*:

> Prior administrative findings made with respect to an employment discrimination claim may, of course, be admitted as evidence at a federal-sector trial *de novo. See* Fed.Rule Evid. 803(8)(C). Cf. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 60 n. 21, 94 S.Ct. [1011], at 1025, 39 L.Ed.2d [147], at 165. *Moreover, it can be expected that, in the light of the prior administrative proceedings, many potential issues can be eliminated by stipulation or in the course of pretrial proceedings in the District Court.*

*Chandler v. Roudebush, supra*, 425 U.S. at 863, n. 39, 96 S.Ct. at 1961. (Emphasis added).

This court has reviewed the administrative record as well as supplemental facts elicited through discovery and hearing on the Motion for Summary Judgment. It is the view of this court that no material issue of fact exists and that the United States Postal Service is entitled to summary judgment as a matter of law.

IT IS SO ORDERED.

---

**3.** A conflict among the circuits had developed as to whether Section 2000e–16(c) required trial *de novo*. Four Courts of Appeals had held that trial *de novo* was required: *Abrams v. Johnson*, 534 F.2d 1226 (6th Cir. 1976); *Caro v. Schultz*, 521 F.2d 1084 (7th Cir. 1975); *Hackley v. Roudebush*, 171 U.S.App.D.C. 376, 520 F.2d 108 (1975); *Sperling v. United States*, 515 F.2d 465 (3rd Cir. 1975). Three Courts of Appeals had held that trial *de novo* was not generally required: *Haire v. Calloway*, 526 F.2d 246 (8th Cir. 1975); *Chandler v. Johnson*, 515 F.2d 251 (9th Cir. 1975); *Salone v. United States*, 511 F.2d 902 (10th Cir. 1975). *See Chandler v. Roudebush, supra*, 425 U.S. at 843, n. 4, 96 S.Ct. 1949.

**4.** *See, e. g., Crayton v. United States Postal Service*, 539 F.2d 604 (6th Cir. 1976), *cert. denied* 429 U.S. 1105, 97 S.Ct. 1135, 51 L.Ed.2d 557 (1977); *Carter v. United States Postal Service*, 524 F.2d 1405 (6th Cir. 1975), *cert. denied* 429 U.S. 928, 97 S.Ct. 334, 50 L.Ed.2d 298 (1976).