Sylvia CARTER, Marilyn Goldstein, Marian Leifsen and Jane McNamara, on behalf of themselves and all others similarly situated, and Nassau County Printing Pressmen and Assistants' Union Local 406, AFL-CIO, Plaintiffs,

v.

NEWSDAY, INC., Defendant.

No. 75-C-52.

United States District Court, E. D. New York.

Sept. 22, 1976.

---

*No brief with authorities was submitted with such motion. Local Rule 12(a).

Blank, Goodman, Kelly, Rone & Stanley, New York City, for plaintiffs, Diane Serafom Blank, Mary F. Kelly, New York City, of counsel.

Townley, Updike, Carter & Rodgers, New York City, for defendant, Andrew L. Hughes, Gayle A. Yeomans, New York City, of counsel.

BARTELS, District Judge.

This is a civil rights action instituted by the four plaintiffs, Sylvia Carter, Marilyn Goldstein, Jane McNamara and Marian Leifsen, against the defendant, Newsday, Inc. ("Newsday"), seeking injunctive and monetary relief for defendant's alleged policy and practice of sex discrimination against women in recruiting, hiring, training, compensation, use of job titles, job assignments, promotions, fringe benefits, travel assignments, job classifications and story assignments, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII").[1] Plaintiffs now move for an order pursuant to Rules 23(c)(1) and 23(d) of the Federal Rules of Civil Procedure ("FRCP") determining that the action be maintained as a class action under Rule 23(b)(2) of the FRCP with notice to all class members.[2]

---

1. A fuller discussion of the events leading up to the filing of this suit may be found in this Court's opinion dated December 29, 1975, denying defendant's motion to dismiss.

2. Rule 23 provides in pertinent part:
 "(a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will

Plaintiffs seek to represent a class composed of all female employees who have been employed by Newsday since December 26, 1970, and who may be employed by it in the future, and all female applicants to Newsday since December 26, 1970, and those who may apply in the future. Carter and Goldstein are employed in the Editorial Department, McNamara is employed as a telephone operator, and Leifsen is a disappointed applicant for a position with the Editorial Department. While Newsday admits that class actions are appropriate for employment discrimination suits pursuant to Title VII, it opposes plaintiffs' motion on the grounds that there has been no showing that there are questions of law or fact common to the class as required by Rule 23(a)(2), the plaintiffs' claims are not typical of the claims of the proposed class as required by Rule 23(a)(3), and plaintiffs cannot adequately represent the class as required by Rule 23(a)(4).

Newsday makes a number of arguments in opposition to class certification which may be enumerated as follows: (i) plaintiffs' claims are unique and are limited to the interests of the professional Editorial Department employees; (ii) each of the named plaintiffs is an employee of or an applicant for the professional Editorial Department, the job requirements and qualifications of which are very different from those of all other employees at Newsday; (iii) the resolution of each of the plaintiffs'

sex discrimination charges will involve a multitude of individual facts relating solely to each plaintiff's particular employment or promotion problem, all of which are uncommon to any possible claims of the other members of the proposed class; (iv) there has been no showing by plaintiffs that any other members of the proposed class have suffered the same grievances complained of by plaintiffs; and finally (v) plaintiffs are not members of the class which they seek to represent and cannot fairly and adequately protect the interests of such a diverse group. In any event, Newsday asserts that even if a class should be certified, it should only include employees in and applicants for the professional Editorial Department.

■ We believe that the defendant misconstrues the nature of a Title VII suit and the importance of the extent of plaintiffs' claims. In enacting Title VII, and subsequently amending it in 1972, Congress recognized the class nature of employment discrimination and especially so when the discrimination is based on sex. In the House Education and Labor Committee Report on the Equal Employment Opportunity Act of 1972 it was stated that:

"Women are subject to economic deprivation as a class. Their self-fulfillment and development is frustrated because of their sex. Numerous studies have shown that women are placed in the less chal-

fairly and adequately protect the interests of the class.
(b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
(1) the prosecution of separate actions by or against individual members of the class would create a risk of
(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or
(2) the party opposing the class has acted or refused to act on grounds generally applicable

to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action."

lenging, the less responsible and the less remunerative positions on the basis of their sex alone." 1972 U.S.Code Cong. & Adm.News, pp. 2137, 2140.

Further on the report states:

"During the preparation and presentation of Title VII of the Civil Rights Act of 1964, employment discrimination tended to be viewed as a series of isolated and distinguishable events, due, for the most part, to ill-will on the part of some identifiable individual or organization. It was thought that a scheme which stressed conciliation rather than compulsory processes would be more appropriate for the resolution of this essentially 'human' problem. Litigation, it was thought, would be necessary only on an occasional basis in the event of determined recalcitrance. Experience, however, has shown this to be an oversimplified expectation, incorrect in its conclusions."

"Employment discrimination, as we know today, is a far more complex and pervasive phenomenon. Experts familiar with the subject generally describe the problem in terms of 'systems' and 'effects' rather than simply intentional wrongs. The literature on the subject is replete with discussions of the mechanics of seniority and lines of progression, perpetuation of the present effects of earlier discriminatory practices through various institutional devices, and testing and validation requirements. The forms and incidents of discrimination which the Commission is required to treat are increasingly complex. . . . ."

"It is increasingly obvious that the entire area of employment discrimination is one whose resolution requires not only expert assistance, but also the technical perception that a problem exists in the first place, and that the system complained of is unlawful." 1972 U.S.Code Cong. & Adm.News, pp. 2143–44.

The courts also have recognized that sex employment discrimination is by definition class discrimination dependent upon private suits by private individuals acting as "private attorneys general" in order to vindicate the congressional intent. *Senter v. General Motors Corp.*, 532 F.2d 511, 524 (6th Cir. 1976); *Newman v. Piggie Park Enterprise*, 390 U.S. 400, 401–02, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968); *Bowe v. Colgate-Palmolive Co.*, 416 F.2d 711, 719–20 (7th Cir. 1969); *Oatis v. Crown Zellerbach Corporation*, 398 F.2d 496, 499 (5th Cir. 1968). We recognize that as stated in *Senter v. General Motors Corp., supra* at 520, not every suit alleging employment discrimination is necessarily suitable for class action treatment and plaintiffs must satisfy their burden of meeting the requirements of Rule 23 of the FRCP. There a single black former employee of General Motors Corporation mounted an across-the-board attack on General Motors' promotion policy claiming that it discriminated against all minorities regardless of position of employment. The Court of Appeals affirmed the district court's certification that the plaintiff could properly maintain a class action on behalf of all black employees who were qualified for but were denied supervisory positions.

We turn therefore to the requirements of Rule 23.

*Rule 23(a)(1)*

■ Defendant does not contest that plaintiffs have satisfied the numerosity requirement of Rule 23(a)(1). In light of the fact that there are presently approximately 450 female employees at Newsday, we likewise find that plaintiffs have satisfied the requirement.

Defendant does, however, contend that plaintiffs have failed to satisfy the requirements of Rule 23(a)(2)–(4) and we shall treat these matters seriatim.

*Rule 23(a)(2)*

■ Rule 23(a)(2) requires that there be questions of law or fact common to the class. Here plaintiffs make an "across the board" attack on Newsday's employment practices alleging that it maintains a policy of sex discrimination which pervades all departments and is applied against all female employees and applicants regardless of position. The very existence of such a

discriminatory policy, if proven to exist, threatens all members of the purported class equally and as such presents a sufficient common factual pattern to support a class action under Title VII. *Senter v. General Motors Corp., supra; Johnson v. Georgia Highway Express, Inc.*, 417 F.2d 1122 (5th Cir. 1969); *Norwalk CORE v. Norwalk Redevelopment Agency*, 395 F.2d 920, 937 (2d Cir. 1968); *Hall v. Werthan Bag Corp.*, 251 F.Supp. 184, 186 (M.D.Tenn. 1966). Plaintiffs have not merely alleged that such a policy exists but have specified the common ways in which this policy has manifested itself, such as failure to pay women on the same basis as men, barring women from certain jobs and failure to promote or train women on the same basis as men.

In support of their broad claims plaintiffs have produced affidavits from 34 other female employees of Newsday, each stating that it was her belief that Newsday discriminates against women and that she supports plaintiffs' suit. In addition, approximately 25 other female employees of Newsday have filed charges of sex discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that it was their belief that Newsday practiced sex discrimination. These charges and affidavits come from employees of not only the professional Editorial Department but from the non-professional and non-Editorial departments as well. Several of them actually charge that they have personally been the victims of sex discrimination and such complaints come from both within and without the professional Editorial Department.[3]

We recognize that the facts surrounding each class member are likely to be different but it is clear that each class member need not be in an identical situation and such factual differences need not prevent plaintiffs from representing the class when there is a unifying element of a policy and practice of discrimination. *Rich v. Martin Marietta Corp.*, 522 F.2d 333 (10th Cir. 1975); *Marshall v. Electric Hose & Rubber Co.*, 10 EPD ¶ 10,394 (D.Del. 1975). Insofar as each

plaintiff's individual fact situation is relevant to class certification, they appear only as manifestations of the broad discriminatory policy sought to be eradicated. *Mack v. General Electric Co.*, 329 F.Supp. 72, 74 (E.D.Pa. 1971). Given such a broad-based attack and the broad support which it receives from other female employees at Newsday, we conclude that the common questions of law or fact far outweigh any individual questions which might affect each class member differently.

To adopt defendant's argument in this case, *i.e.*, that the case is nothing more than a collection of highly individualized claims, would nullify class actions under Title VII suits—a result clearly violating the congressional intent cited above. *Senter v. General Motors Corp., supra* at 523–24; *Rich v. Martin Marietta Corp., supra* at 341. The defendant relies on three cases which we believe do not justify a contrary conclusion since in none of them did the individual plaintiff present such a broad attack upon a system of discrimination supported by specifics and affidavits as found in this case. In *Cooper v. Allen*, 467 F.2d 836 (5th Cir. 1972), the plaintiff attacked only a general testing procedure for municipal jobs in the City of Atlanta, the results of which were only one of many criteria used for hiring. The plaintiff in *O'Connell v. Teachers College*, 63 F.R.D. 638 (S.D.N.Y. 1974), alleged no facts to support her mere conclusory allegations of a broad policy of sex discrimination. Finally, in *Newmon v. Delta Air Lines, Inc.*, 374 F.Supp. 238 (N.D.Ga. 1973), the plaintiff challenged only the defendant's maternity leave policy.

*Rule 23(a)(3)*

 To satisfy the typicality requirements of Rule 23(a)(3) plaintiffs must demonstrate that other members of the purported class have suffered the same or similar grievances. *Taylor v. Safeway Stores, Inc.*, 524 F.2d 263 (10th Cir. 1975); *Wright v. Stone Container Corp.*, 524 F.2d 1058 (8th Cir. 1975); *White v. Gates Rubber Co.*, 53

---

**3.** See affidavits of Janssen, Hanning, Hoerning, Truchelut and Whelan.

F.R.D. 412, 415 (D.Colo. 1971). The four named plaintiffs charge that they personally have been the victims of Newsday's policy of sex discrimination as manifested in the eleven ways set out at the beginning of this opinion. As we have already noted, these charges are supported by the charges of nearly 60 other female employees at Newsday, at least five of whom specifically charge that they too have been the victims of that policy of sex discrimination. It is our conclusion, therefore, that plaintiffs have satisfied their burden under Rule 23(a)(3).

*Rule 23(a)(4)*

■ Referring to adequate representation of the interests of the class, we note that the defendant has not challenged the qualifications of plaintiffs' attorney. Nor can we find, in light of our prior discussion, that the interests of the named plaintiffs are at all antagonistic to those of the class they seek to represent. Thus, Rule 23(a)(4) has been satisfied. *Wetzel v. Liberty Mutual Insurance Co.*, 508 F.2d 239 (3d Cir. 1975); *Eisen v. Carlisle & Jacquelin*, 391 F.2d 555 (2d Cir. 1968); *Hecht v. Cooperative for American Relief Everywhere, Inc.*, 351 F.Supp. 305 (S.D.N.Y. 1972).

*Rule 23(b)(2)*

■ Plaintiffs additionally assert that this class action is maintainable under Rule 23(b)(2) since Newsday has acted or refused to act on grounds generally applicable to the class and since plaintiffs are appropriately seeking injunctive and declaratory relief with respect to the class as a whole. Since the complaint alleges that Newsday has acted and continues to act in a discriminatory manner affecting all purported class members equally, we conclude that injunctive and declaratory relief is appropriate and that the action may proceed as a class action pursuant to Rule 23(b)(2). In fact, this is exactly the type of case appropriate for Rule 23(b)(2) treatment. *See Wetzel v. Liberty Mutual Insurance Co., supra;*

*Hecht v. Cooperative for American Relief Everywhere, Inc., supra.*

We find, therefore, that each plaintiff is capable of representing all past, present and future employees and applicants of Newsday. *See, e.g., Rich v. Martin Marietta Corp., supra; Carr v. Conoco Plastics, Inc.*, 423 F.2d 57 (5th Cir.), *cert. denied*, 400 U.S. 951, 91 S.Ct. 241, 27 L.Ed.2d 257 (1970); *Leisner v. New York Telephone Co.*, 358 F.Supp. 359 (S.D.N.Y. 1973); *Paddison v. Fidelity Bank*, 60 F.R.D. 695 (E.D.Pa. 1973); *Kohn v. Royall, Koegel and Wells*, 59 F.R.D. 515 (S.D.N.Y. 1973). Having found that a class action is proper, the next question is the definition of the class.

*Limitation of the Class*

■ In defining the scope of the class, however, we conclude that plaintiffs have painted with too broad a brush. While plaintiffs may bring this class action on behalf of those who have not filed charges with the EEOC, *Bowe v. Colgate-Palmolive Co., supra* at 719–20; *Oatis v. Crown Zellerbach Corp., supra* at 499, they may not represent those who could not have filed such charges with the EEOC at the time plaintiffs filed their charges. *Wetzel v. Liberty Mutual Insurance Co., supra; Hecht v. Cooperative for American Relief Everywhere, Inc., supra.* Section 2000e–5(e) of Title 42 of the U.S.C. provides that a charge pursuant to Title VII must be made within 180 days or, in the case of a person initially filing charges with a state agency, within 300 days after the alleged unlawful employment practice occurred. Since all parties agree that plaintiffs Carter and Goldstein filed their charges with the EEOC on December 26, 1973, every person who either applied for a position with or was an employee of Newsday 300 days prior to that filing, *i.e.*, March 1, 1973, was permitted by § 2000e–5(e) to file a complaint with the EEOC. Accordingly they are includible in the class.

To be specific, the class is defined as: (1) all female employees of Newsday who have been employed by Newsday since March 1,

**16**

1973, and all who may be employed there in the future, and (2) all female applicants for positions at Newsday since March 1, 1973, and all who may apply in the future.

*Notification*

 Finally, plaintiffs seek to have all class members notified of the pendency of this action with an opportunity to opt out of the class if they so desire. Rule 23 clearly does not require notice in a Rule 23(b)(2) class action and it has been held that due process does not mandate such notice so long as representation is adequate and faithful. *Wetzel v. Liberty Mutual Insurance Co., supra.* Plaintiffs, however, assert that notice should be provided in this case since the complaint seeks damages as well as injunctive relief and since notice would not be an undue burden on the defendant. It has come to our attention that other courts have required notice in Rule 23(b)(2) actions. *See, e.g., Hecht v. Cooperative for American Relief Everywhere, Inc., supra; Polston v. Metropolitan Life Insurance Co.,* 7 EPD ¶ 9372 (W.D.Ky. 1974). Under all of the circumstances we conclude that notice, if practical, would be more desirable considering the fact that plaintiffs and not defendant are requesting the notice. For this purpose we will impose upon plaintiffs the responsibility of bearing all costs of such notice including all costs of identifying class members for notice purposes. *Sanders v. Levy,* 558 F.2d 636 (2d Cir. 1976.) *See also Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). To effectuate the notice requirement the parties are ordered to confer for the purpose of submitting a joint order setting forth the nature and form of notice to the class, including the cost of such notice which shall be borne by the plaintiffs.

For the reasons stated above, plaintiffs' motion for certification that this action proceed as a class action pursuant to Rule 23(b)(2) is hereby granted.

SO ORDERED.