Albert KAUFMAN, Plaintiff,

v.

Mary Wells LAWRENCE, Charles Moss, Richard T. O'Reilly, John V. Burns, Frank G. Colnar, Frederick L. Jacobs, Barry E. Loughrane, Martin Stern, Stanley G. Dragoti, Warren J. Kratsky, Arnold M. Grant, Troy V. Post, Emilio Pucci, Catharine Gibson, E. Donald Challis and Wells, Rich, Greene, Inc., Defendants.

No. 74 Civ. 5081 (RLC).

United States District Court,
S. D. New York.

June 23, 1977.

**398**

Nemser & Nemser by Stanley Nemser, Norman Nemser, New York City, for plaintiff.

Hughes, Hubbard & Reed by Robert J. Sisk, Orville H. Schell, Jr., Amalya L. Kearse, New York City, for defendants.

## OPINION

ROBERT L. CARTER, District Judge.

On September 4, 1974, effective November 4, 1974, Wells, Rich, Greene, Inc. (WRG) publicly announced a tender offer to purchase all of its outstanding shares of common stock except those shares owned by its directors on the basis of $3 cash and $8 on a principal amount of 10% subordinated sinking fund debentures. At the time of the offer there were 5,000,000 authorized shares of common stock, of which 1,631,851 shares

were issued and outstanding with 1,366,866 shares being publicly owned. The offer was to expire on November 25, 1974, but was extended, the last expiration date set being January 4, 1975. Pursuant to the exchange offer WRG purchased 1,166,395 shares tendered in exchange for which it issued $9,331,160 principal amount of WRG debentures and paid in cash some $3,499,-185. At the final expiration date some 465,463 shares remained outstanding, of which the directors owned 226,850 shares. WRG common stock was delisted from the New York Stock Exchange and is now traded in the over the counter market. During fiscal year ended October 31, 1975, the tendered shares and 57,337 shares of treasury stock were cancelled by WRG.

Plaintiff was a holder of 100 shares of a common stock of WRG as of September 1974. He tendered 50 shares pursuant to the WRG exchange offer and retained 50 shares. He brings this action on behalf of himself and all other holders of WRG shares of common stock, except those who are directors or officers of WRG. He seeks a class action determination pursuant to Rule 23(c)(1) F.R.Civ.P. and the right to prosecute the action as a Rule 23(b)(3) class action on behalf of a class defined as all common stockholders of WRG who beneficially owned shares of common stock of WRG as of the close of the business day on September 4, 1975. Excluded from the class are the individual defendants named in this action and the members of the immediate families of each such individual defendant, and other officers of WRG who owned shares of common stock as of the close of the business day on September 4, 1974, or who purchased shares of common stock during the period September 5, 1974, and January 4, 1975, both inclusive. At the time of the public announcement of the WRG exchange offer on September 4, 1974, there were some 2,000 public stockholders of WRG dispersed geographically throughout the United States.

*Determination*

█ Since denial of the motion for preliminary injunction, 386 F.Supp. 12, was

affirmed on appeal, 514 F.2d 283 (2d Cir. 1975) the tender offer has long since been consummated. "[T]his does not necessarily make the case moot so as to prevent the granting of alternative mandatory injunctive relief . . . ." *Id.* at 283. There has as yet been no trial on the merits. Accordingly, the issues raised in the complaint retain their vitality, and the motion for class action determination is viable and must be disposed of.

The prerequisites for class action determination under 23(b)(3) are met if all the prerequisites of 23(a) are satisfied and the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

The putative class consists of approximately 2,000 members who are dispersed throughout the United States making joinder impractical. Hence the test of numerosity of Rule 23(a)(1) is met. See *Robertson v. NBA*, 389 F.Supp. 867, 896 (S.D.N.Y.1975), aff'd 556 F.2d 682 (2d Cir. 1977). The issues raised as to whether schemes and devices have been utilized by defendants to defraud the public stockholders of WRG, whether defendants made false and misleading statements or withheld material facts from public stockholders in making its tender offer and soliciting acceptance by stockholders form a factual and legal nexus linking all members of the putative class. Thus the common questions of law and fact requisite of Rule 23(a)(2) F.R. Civ.P. is met. *Green v. Wolf Corp.*, 406 F.2d 291 (2d Cir. 1968), *cert. denied*, 395 U.S. 977, 89 S.Ct. 2131, 23 L.Ed.2d 766 (1969). The claims being asserted meet the test of typicality of Rule 23(a)(3) since involved is a general course of conduct by defendants affecting all members of the putative class. *Kohn v. Royal, Koegel & Wells*, 59 F.R.D. 515, 521 (S.D.N.Y.1973), *appeal dismissed*, 496 F.2d 1094 (2d Cir. 1974). There is no doubt that Rule 23(a)(4) is also satisfied since plaintiff's counsel are experienced and qualified to handle the litigation, and interests of the plaintiff are not divergent from that of other members of the class. Accordingly, there is little doubt that the putative class is fairly and adequately represented by plaintiff and class counsel.

As to 23(b)(3), the injury here asserted arises from the materiality of various alleged false and misleading statements affirmatively made by defendants and materiality of information withheld all in connection with the exchange offer. *See Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970). Thus the common issue of law and fact involved here is the materiality of certain acts or omissions of defendants which affected all members of the putative class, making it clear that the common questions of law and fact predominate over any questions affecting individual members of the putative class.

Finally, it is also evident that class action is superior to a series of individual suits since it allows for a more economical adjudication of the issues in terms of time, energy and expense than separate suits would permit. *See, e. g., City of New York v. General Motors Corp.*, 60 F.R.D 393, 395, 396 (S.D.N.Y.1973), *rev'd in part*, 501 F.2d 639 (2d Cir. 1974).

Accordingly this suit may be maintained as a class action under Rule 23(b)(3). The class consists of all those who beneficially owned the common stock of WRG at the close of business on September 4, 1974, and those who purchased beneficial ownership of WRG shares of common stock during the period September 5, 1974 and January 5, 1975. Excluded are the individual defendants and members of their immediate families and other officers of WRG who owned or purchased WRG common stock during the relevant class period.

IT IS SO ORDERED.