Doris L. STALLING; Lee V. Langster; Vivian Church; Shirley Ann Collier; Gazella Cooper; Claudette Dixon Alyce Mapp; Ida Martin; Juanita Randle; Patsy Robinson; Gladys Woolfolk; Jeannette Thomas; Harolyn Thomas; Eugene Lewis; and Henrietta Brown, Individually and on behalf of all others similarly situated, Plaintiffs,

v.

Joseph CALIFANO, Secretary of the Department of Health, Education and Welfare, Defendant.

Nos. 74 C 3449, 75 C 3596 and 76 C 4051.

United States District Court, N. D. Illinois, E. D.

March 3, 1980.

Doris Stalling, Lee V. Langster, A.F.G.E. Local 1395, pro se.

Judson H. Miner, Davis, Miner & Barnhill, Chicago, Ill., for plaintiffs.

Martin B. Lowery, Asst. U.S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge.

The named plaintiffs have brought these suits under the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, alleging racial discrimination by the Social Security Administration (SSA) of the Department of Health, Education and Welfare in promotion and assignment policies at the Great Lakes Program Service Center ("Great Lakes") and the Bureau of Field Operations, Region V ("Field Operations"). By order dated July 14, 1977, this Court ordered that these cases be consolidated for all purposes and that one consolidated complaint be filed. Plaintiffs now seek to have this suit certified as a class action under Fed.R.Civ.P. 23(b)(2). For purposes of certification, the Court must decide (1) whether the proposed class is a proper one, (2) whether the requirements of Rule 23(a) have been satisfied, and (3) the appropriateness of this action under Rule 23(b)(2).[1]

### PROPRIETY OF THE CLASS

 Plaintiffs propose to certify a class of "all Negro employees employed at the Great Lakes Program Service Center and in the Bureau of Field Operations, Chicago Region, who have been or will be denied promotions or who have been or will be denied employment opportunities because of their race."[2] Whether a class is suffi-

\* \* \* \* \* \*

1. Rule 23(a) provides:
 Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.
 Rule 23(b) provides in relevant part:
 Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole;

\* \* \* \* \* \*

2. Defendant asserts that plaintiffs' proposed class inaccurately describes the organization of the Social Security Administration. Plaintiff Stalling has alleged a class representing all black employees at the Bureau of Field Operations, Chicago Region. Although this may not be technically correct, the Court interprets this

## 142

ciently definite for purposes of certification is determined on a case-by-case basis. *Alliance to End Repression v. Rochford*, 565 F.2d 975 (7th Cir. 1977). In *Alliance*, a class limited to those blacks who have been or will be denied promotions was certified because the definition was based exclusively on the defendant's conduct and not on the class member's state of mind. The Court finds that the scope of this class also has been sufficiently defined even if persons not identified at present are included or the class membership might change. *Alliance, supra; Baird v. Lynch*, 390 F.Supp. 740, 746 (W.D.Wis.1974). Moreover, all the named plaintiffs are members of the proposed class.[3]

### NUMEROSITY

█ Rule 23(a) requires that the class must be so numerous that joinder of all members would be impracticable. Conclusory or speculative allegations concerning the size of the class are insufficient to establish numerosity. *Valentino v. Howlett*, 528 F.2d 975 (7th Cir. 1976). Plaintiffs have alleged that well over one hundred persons have been discriminated against due to defendant's promotion policies and practices. In addition, statistics have been introduced indicating that 1,360 of 2,531 (53.7%) employees at Great Lakes were black and that 544 blacks were employed in the Chicago Region. These allegations of plaintiff are sufficient to satisfy this requirement.

### COMMON QUESTIONS OF LAW OR FACT

The second requirement of Rule 23(a) is the existence of "questions of law or fact common to the class." Plaintiffs have alleged that defendant's procedures and prac-

tices have had the effect of disqualifying a disproportionately high percent of blacks seeking promotion. Examples of these allegedly discriminatory practices include (1) arbitrary and capricious promotion practices unrelated to the ability of the applicant to perform the duties of the job; (2) imposition of "time-in-grade" requirements on agency employees but no equivalent requirements on outside applicants; (3) test requirements that are not job-related; (4) failure to permit black employees to work overtime as frequently as white employees, and (5) employment of applicants from outside the agency instead of promotion of employees from within. As a result of these policies, plaintiffs allege that certain disparities have been created. First, the average grade level of black employees at Great Lakes is considerably lower than that of non-minority employees. Plaintiffs also claim that black employees hold a disproportionate percentage of lower grade jobs when compared to the overall percentage of blacks in the work force at both locations.

Defendant argues that each plaintiff really has an individualized claim, thus these allegations are not sufficient to meet this requirement since every promotional decision involves individual considerations and discretion. The court in *Senter v. General Motors Corporation*, 532 F.2d 511, 524 (6th Cir.), *cert. denied*, 429 U.S. 870, 97 S.Ct. 182, 50 L.Ed.2d 150 (1976), in addressing this issue, reasoned that

acceptance of this line of reasoning would mean that no cases alleging discrimination in hiring or promotions could be maintained as class actions. It is manifest that every decision to hire, fire or discharge an employee may involve individual considerations. Yet when that de-

description to mean Field Operations in Region V.

3. Doris Stalling, plaintiff in 74 C 3449, was a GS–6 Data Review Technician at a Social Security District Office in Chicago. She filed an administrative complaint alleging racial and sexual discrimination. At present, Stalling is a GS–10 Social Insurance Representative at the Gary, Indiana, Social Security District Office.

Lee Langster, plaintiff in 75 C 3596, was a GS–10 Claims Authorizer at Great Lakes when he applied for a GS–11 Hearing Analyst Position. Upon being denied the promotion, Langster filed several individual complaints. In 76 C 4051, Vivian Church and nine others complained of racial discrimination at Great Lakes for failure to be promoted to the GS–7 Benefit Authorizer Trainee position.

cision is made as part of class-wide discriminatory practices, courts bear a special responsibility to vindicate the policies of the Act regardless of the position of the individual plaintiff. [Citations omitted]. Factual identity between the plaintiff's claims and those of the class he seeks to represent is not necessary. [Citations omitted].

\* \* \* \* \* \*

Here the question common to the class is whether Appellee's procedures for making promotions have resulted in discrimination against its minority employees. Plaintiffs allege that the SSA has certain promotion practices that have adversely affected them individually and all black employees as a class. Furthermore, defendant has admitted that the same criteria for promotion are applied in both locations identified in this suit. Given this background, this requirement of Rule 23(a) has been satisfied. The mere fact that there may be variations in the factual bases of individual plaintiff's claims due to discretion in those determining promotions does not change this result.

### TYPICALITY

■ .The third requirement of Rule 23(a) is that the claims of the representatives must be typical of those of the rest of the class members. The purpose of the typicality requirement is to ensure that the representative's claim is not antagonistic to the interests of the class he purports to represent. However, not every member need be in the same position. In *DuPree v. E. J. Brach & Sons, Division of American Home Products Corporation*, 77 F.R.D. 3 (N.D.Ill. 1977), the court, in holding that the named plaintiff who had been denied a promotion could represent other victims of the same policy, found that varying factual patterns could support the class claim. *See* Wright and Miller, *Federal Practice and Procedure: Civil* § 1764, at 613. It is sufficient that the named plaintiffs demonstrate some "nexus"

with the rest of the class members; i. e., if a general course of conduct by the defendant has affected all class members. *Hannigan v. Aydin Corporation*, 76 F.R.D. 502 (E.D.Pa.1977); *Kaufman v. Lawrence*, 76 F.R.D. 397 (S.D.N.Y.1977); *Carter v. Newsday, Inc.*, 76 F.R.D. 9 (E.D.N.Y.1976).

Defendant has argued that the named plaintiffs' claims and grievances are not even remotely related and that mere allegations of employment discrimination are insufficient to satisfy the typicality requirement. The Court disagrees. The promotion policies and practices are applied throughout the defendant's agencies and bureaus. Although the named plaintiffs may be asserting factual patterns of discrimination different from each other and from those of other class members, the most important factor is that all class members are subject to the same criteria for promotion. The Court is satisfied that the claims of the named representatives are typical of those of the rest of the class.

### ADEQUATE REPRESENTATION

■ The final requirement of Rule 23(a) is that the named representative must fairly and adequately protect the interests of the class. This may be the most important requirement because class members under 23(b)(2) will be bound by the result. The Court must be satisfied that counsel for the representatives is capable of handling the claim and that the named plaintiff will provide adequate representation. Counsel for plaintiffs in this action presently are handling a number of class actions before this Court. Both are capable and experienced in this type of suit and the court is satisfied that they will litigate this action in a vigorous manner on behalf of the named plaintiffs.

Defendant does not challenge the adequacy of plaintiff's counsel but rather contends that the named plaintiffs are inadequate representatives since all have different jobs and employment histories.[4] While this may

---

4. Defendant cites *Gibson v. Local 40, Supercargoes and Checkers of the International Longshoremen's and Warehousemen's Union*, 543

F.2d 1259 (7th Cir. 1976), for the proposition that a plaintiff who works in one job classification cannot represent employees who work in

be true, the more important fact is that all class members, including the representatives, are subject to the same policies regarding promotion with the exception of two of the named plaintiffs, Henrietta Brown and Vivian Church, who no longer work for defendant.[5] In *Jenkins v. Blue Cross Mutual Hospital Insurance, Inc.*, 522 F.2d 1235, 1240 (7th Cir. 1975), *cert. denied*, 429 U.S. 986, 97 S.Ct. 506, 50 L.Ed.2d 598 (1976), the Court held:

> The plaintiff cannot meet these standards [23(a)] if she in fact voluntarily resigned her employment for reasons unrelated to the employee evaluation and promotion practices of which she now complains. . . . The plaintiff must be a member of the class which she seeks to represent, with sufficient interest in the outcome to assure that she will adequately and fairly represent the class.

The Court is concerned as to whether Brown and Church will adequately pursue the litigation. Therefore, these two plaintiffs will not be permitted to represent the class but must pursue their individual claims. The Court believes that the remaining named plaintiffs will fairly and adequately represent the interests of the class.

### REQUIREMENTS OF RULE 23(b)(2)

■ Defendant finally contends that injunctive and declaratory relief is not appropriate because the plaintiffs, federal employees, have failed to exhaust their administrative remedies as required under 42 U.S.C. § 2000e–16. *Brown v. General Services Administration*, 425 U.S. 820, 829–833,

96 S.Ct. 1961, 1966–1968, 48 L.Ed.2d 402 (1976). Although recognizing that only one named plaintiff need exhaust administrative remedies, *McLaughlin v. Hoffman*, 547 F.2d 918, 921 (5th Cir. 1977), *Sylvester v. U. S. Postal Service*, 393 F.Supp. 1334 (S.D. Tex.1975), defendant nonetheless argues that none of the named plaintiffs filed third-party complaints as required under 5 C.F.R. § 713.251(b).[6] However, plaintiffs are not required to file third-party complaints in order to exhaust their remedies at the administrative level. The purpose behind a third-party complaint is twofold: to provide notice of a classwide discrimination claim and to provide a factual record for district court review. Neither of these objectives will be served by requiring plaintiffs to comply with § 713.251(b) in these circumstances. Each plaintiff signed and filed individual administrative complaints raising issues of policy and practice which are inherently class-type claims of discrimination. This constitutes more than adequate notice to defendant. *Ellis v. Naval Air Rework Facility, Alameda, California*, 404 F.Supp. 391, 394 (N.D.Cal.1975). Moreover, under *Chandler v. Roudebush*, 425 U.S. 840, 846, 96 S.Ct. 1949, 1952, 48 L.Ed.2d 416 (1976), federal employees are entitled to a trial *de novo* of their employment discrimination claims in district court. A detailed factual record at the administrative level is no longer required.

The Court finds that plaintiffs have adequately exhausted their administrative remedies. Furthermore, the complaint sufficiently sets forth allegations that defend-

---

other job classifications. *Gibson*, however, involved permanent and temporary/part-time clerks. Plaintiffs in this case are all full-time employees and subject to the same promotional guidelines.

5. Vivian Church resigned from the Social Security Administration on December 29, 1978, for a position in private industry. Henrietta Brown was convicted of eight counts of mail fraud and was indefinitely suspended pending sentencing. On December 10, 1979, Brown was sentenced to concurrent 3 year terms for each count. The Court feels that both have 'voluntarily' resigned from their jobs within the meaning of *Jenkins v. Blue Cross Mutual Hos-*

*pital Insurance, Inc.*, 522 F.2d 1235 (7th Cir. 1975), *cert. denied*, 429 U.S. 986, 97 S.Ct. 506, 50 L.Ed.2d 598 (1976). *See* text, *infra*. Although Brown was suspended, this action was not due to the promotion or other employment practices of defendant. Rather, defendant suspended Brown as a result of the acts voluntarily performed by the employee.

6. 5 C.F.R. § 713.251(b) was replaced by 5 C.F.R. § 713.603 effective April 4, 1977. For purposes of this motion, the Court will treat the third-party and the class discrimination complaints under these regulations as the same.

ant's policies have affected all class members. Thus, Rule 23(b)(2)'s requirement that the "party opposing the class has acted or refused to act on grounds generally applicable to the class" has been met.

Accordingly, the Court will certify this consolidated suit as a class action. With the exception of Henrietta Brown and Vivian Church, who must pursue their claims on an individual basis, the named plaintiffs will be permitted to represent the class. It is so ordered.